3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 0 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE CUELLAR | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | Cause No. B-99-195 |
| | § | |
| THE CITY OF SANTA ROSA AND | § | |
| OFFICER JACOB L. BORJAS, | § | |
| INDIVIDUALLY AND IN HIS | § | |
| OFFICIAL CAPACITY | § | |

## CITY DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

May It Please The Court.

COMES NOW,, the CITY OF SANTA ROSA and POLICE OFFICER JACOB L. BORJAS, Individually and in his official capacity, (collectively, "CITY DEFENDANTS") and file this Original Answer to Plaintiff's Original Complaint pursuant to the Federal Rules of Civil Procedure.

### Admissions & Denials

1. With regards to Roman Number I, ¶ 1 of Plaintiff's Original Complaint, no Rule 8 response is necessary.

2. With regards to Roman Number I, ¶ 2 of Plaintiff's Original Complaint, CITY DEFENDANTS admit that the City of Santa Rosa is a governmental entity.

City Defendants' Original Answer                                                 Page 1

3. With regards to the Roman Number I, ¶ 3 of Plaintiff's Original Complaint, CITY DEFENDANTS admit that Jacob L. Borjas is an individual who was working as a police officer for the CITY OF SANTA ROSA at the time of the incident made the basis of this lawsuit. OFFICER BORJAS has appeared in this action.

4. With regards to Roman Numeral II of Plaintiff's Original Complaint, CITY DEFENDANTS admit that venue is proper in this court to the extent that this claim has been properly alleged in Plaintiff's live pleading.

5. With regards to Roman Numeral III, of Plaintiff's Original Complaint, CITY DEFENDANTS admit that the Court has subject matter jurisdiction over federal claims.

6. With regards to Roman Number IV, ¶ 1 of Plaintiff's Original Complaint, CITY DEFENDANTS admit that the incident occurred on December 10, 1007 and further admit that Plaintiff was returning home from a local bar. CITY DEFENDANTS deny Plaintiff's characterization of the remaining material factual allegations contained in this paragraph.

7. With regards to Roman Number IV, ¶ 2 of Plaintiff's Original Complaint, CITY DEFENDANTS deny Plaintiff's characterization of the remaining material factual allegations contained in this paragraph.

8. With regards to Roman Number IV, ¶ 3 of Plaintiff's Original Complaint, CITY DEFENDANTS admit there was a struggle. CITY

DEFENDANTS deny Plaintiff's characterization of the remaining material factual allegations contained in this paragraph.

9. With regards to Roman Number IV, ¶ 4 of Plaintiff's Original Complaint, CITY DEFENDANTS admit that a second police officer made the scene of the arrest. CITY DEFENDANTS deny Plaintiff's characterization of the remaining material factual allegations contained in this paragraph.

10. With regards to Roman Number IV, ¶ 5 of Plaintiff's Original Complaint, CITY DEFENDANTS admit that OFFICER BORJAS requested that Plaintiff be transported for emergency medical care. CITY DEFENDANTS do not have information sufficient at this time to admit or deny the veracity of the remaining material factual allegations contained in this paragraph, therefore denied.

11. With regards to Roman Number IV, ¶ 6 of Plaintiff's Original Complaint, CITY DEFENDANTS do not have information sufficient at this time to admit or deny the veracity of the remaining material factual allegations contained in this paragraph, therefore denied.

12. With regards to Roman Number V, ¶ 1 of Plaintiff's Original Complaint, CITY DEFENDANTS deny the material factual allegations contained in this paragraph.

13. With regards to Roman Number V, ¶ 2 of Plaintiff's Original Complaint, CITY DEFENDANTS deny the material factual allegations contained in this paragraph, including all subparagraphs.

14. With regards to Roman Number VI, ¶ 1 of Plaintiff's Original Complaint, CITY DEFENDANTS deny the material factual allegations contained in this paragraph.

15. With regards to Roman Number VI, ¶ 2 of Plaintiff's Original Complaint, CITY DEFENDANTS deny the material factual allegations contained in this paragraph, including all subparagraphs.

16. With regards to Roman Number VII, ¶¶ 1-4 of Plaintiff's Original Complaint, CITY DEFENDANTS do not have information sufficient at this time to admit or deny the veracity of the material factual allegations contained in this paragraph, including subparagraphs, therefore denied.

17. With regards to Roman Number VIII, ¶ 1 of Plaintiff's Original Complaint, no Rule 8 response is required.

18. With regards to Roman Number VIII, ¶ 2 of Plaintiff's Original Complaint, CITY DEFENDANTS deny the veracity of the material factual allegations contained in this paragraph.

## GENERAL DENIAL

19. CITY DEFENDANTS hereby general deny each and every material allegation contained Plaintiff's Original Complaint that is not specifically admitted above and demand that Plaintiff to prove his allegations by a preponderance of the evidence.

## AFFIRMATIVE DEFENSES

**Sovereign Immunity**

20. CITY DEFENDANTS hereby assert the affirmative defense of sovereign immunity from any and all state, federal or common law causes of action asserted by Plaintiff to the fullest extent allowed by law.

**Qualified and Official Immunity**

21. CITY DEFENDANTS hereby assert the affirmative defense of qualified immunity and official immunity from any and all state, federal or common law causes of action asserted by Plaintiff to the fullest extent allowed by law.

**Notice Requirements**

22. CITY DEFENDANTS hereby plead as a defense, Plaintiff's failure to meet any applicable notice or filing requirements imposed by law as a precondition to the court's exercise of jurisdiction over this matter and the imposition of any liability.

**Exhaustion**

23. CITY DEFENDANTS hereby assert as a defense Plaintiff's failure to exhaust all necessary and reasonable remedies if any made available to him under Federal, State and/or Common Law, providing for administrative and judicial review of common law.

**Statutory Caps**

24. CITY DEFENDANTS hereby assert and plead as a defense their entitlement to any and all limitations on liability allowed by law.

## CONCLUSION AND PRAYER

Therefore, based on any one or more of the foregoing reasons, CITY DEFENDANTS request that the Court deny Plaintiff's claims for relief in their entirety and dismiss this lawsuit with prejudice.

CITY DEFENDANTS further pray for and hereby request other additional relief at law or in equity to which he may be entitled including costs of court and attorneys fees.

Signed this 20th day of January, 2000.

Respectfully Submitted,

**DENTON, McKAMIE & NAVARRO**
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953

_____
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent to the persons listed below on the 20th day of January, 2000.

Mr. Carlos Quintana
LAW OFFICES OF CARLOS QUINTANA, PC
Neuhaus Tower, Suite 1302
200 South 10th Street
McAllen, Texas 78501

CMRRR NO Z233797969

_____
RICARDO NAVARRO
MAURO F. RUIZ

r:\cuellar\answer.1st