

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**APR 1 0 2000**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE CUELLAR | & | |
| | & | |
| VS | & | C.A. NO. B-99-195 |
| | & | |
| THE CITY OF SANTA ROSA, | & | |
| AND OFFICER JACOB L. BORJAS, | & | |
| INDIVIDUALLY AND IN HIS | & | |
| OFFICIAL CAPACITY | & | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The Parties met by telephone on March 27, 2000. Plaintiff's counsel, Mr. Carlos Quintana attended for Plaintiff, and Attorneys Ricardo J. Navarro and Mauro F. Ruiz attended for Defendant, the City of Santa Rosa, Texas.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   This case arises out events following Santa Rosa police officer and Defendant, Jacob L. Borjas's police stop of Plaintiff at or near his home. Plaintiff claims Officer Borjas used excessice force in violation of Plaintiff's civil rights.

4. **Specify the allegation of federal jurisdiction.**

   28 U.S.C. § 1331

Joint Discovery/Case Management Plan

Page 1

5. **Name the parties who disagree and the reasons.**

   Not applicable as the parties are agreement as to this Court's exercise of jurisdiction over this claim.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Initial disclosures have been filed by both parties.

10. **Describe the proposed agreed discovery plan, including:**

    A.  Responses to all the matters raised in Rule 26(f).

        The proposed agreed discovery plan is as stated in this document.

    B.  When and to whom the plaintiff anticipates it may send interrogatories.

        Plaintiff anticipates sending interrogatories to the Defendants by April 15, 2000.

    C.  When and to whom the defendant anticipates it may send interrogatories.

        Defendants anticipate sending a first set of written discovery, consisting of Request for Admissions, Interrogatories, and Request for Document Production, to Plaintiff no later than May 1, 2000.

Joint Discovery/Case Management Plan                              Page 2

D.     Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking oral depositions by no later than May 1,2000.

E.     Of whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate taking the deposition of witnesses to the incident made the basis of this claim no later that no later than May 1, 2000.

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff anticipates designating its expert and providing a report by September 1, 2000.

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

Plaintiff will depose any expert designated soon after designation and production of expert reports.

H.     List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

Defendants anticipate taking the deposition of any expert designated by the Plaintiff as soon as practicable after such designation by agreement of respective counsel.

**11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party.**

As mentioned above, the parties do not anticipate any disagreements regarding the proposed discovery plan.

Joint Discovery/Case Management Plan

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

   No formal discovery exchanged to date.

13. **State the date the planned discovery can reasonably be completed.**

   Parties expect discovery to be completed by July 15, 2000, 1999.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   After discovery is exchanged and depositions of the relevant witnesses are taken, the parties will be in a position to approach potential settlement of this matter. Until then, CITY DEFENDANTS are in no position to initiate settlement negotiations.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   The parties have not agreed to resolve this matter at this time. Only after discovery is exchanged and depositions of the relevant witnesses are taken will the parties will be in a position to approach potential settlement of this matter. Until then, the parties are in no position to initiate settlement negotiations.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

   Counsel has not yet discussed the further possibility of alternative dispute resolution at this time. Only after discovery is exchanged and depositions of the relevant witnesses are taken will discussions with all counsel as to the merits of Plaintiff's claim be commenced. At that time, counsel for the defendants will be in a position to discuss the potential settlement of this matter. Until then, Counsel are precluded from proposing alternative dispute resolution techniques.

Joint Discovery/Case Management Plan                          Page 4

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on trial before a magistrate judge.**

   The Parties are not in a position to agree to a Magistrate Court at this time.

18. **State whether a jury demand has been made and if it was made on time.**

   At this time, Plaintiff has made a timely jury demand.

19. **Specify the number of hours it will take to present the evidence in this case.**

   The Parties believe it will take 20 hours per side to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   None at this time.

21. **List other motions pending.**

   None at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

   None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

   Both parties have filed their Disclosure of Interested Parties.

Joint Discovery/Case Management Plan                    Page 5

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

4-10-00
Date

Counsel for Plaintiff
Mr. Carlos Quintana
State Bar No. 16436365
So. Dist ID No. 11359
Law Offices of Carlos Quintana, P.C.
Neuhaus Tower, Suite 1302
200 South 10th Street
McAllen, Texas 78501
956/687-9729 (Tel)
956/687-9750 (Fax)

4-10-00
Date

Counsel for City Defendants
Mr. Ricardo J. Navarro
Attorney in Charge
State Bar No. 14829100
So. Dist. ID No. 5953
Mr. Mauro F. Ruiz
State Bar No. 24007960
So. Dist. ID No. 23774
Bank of America Building
222 E. Van Buren, Ste. 405
Harlingen, Texas 78550
(956) 421-4904 (Tel)
(956) 421-3621 (Fax)

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 10th day of April, 2000.

Mr. Carlos Quintana
Law Offices of Carlos Quintana
Neuhaus Tower, Suite 1302
McAllen, Texas 78501

Via CMRRR # Z 257 859 626

RICARDO J. NAVARRO
MAURO F. RUIZ

R:cuellar\...\r26t