

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | |
|---|---|
| JOSE CUELLAR | & |
| | & |
| VS | &    C.A. NO. B-99-195 |
| | & |
| THE CITY OF SANTA ROSA, | & |
| AND OFFICER JACOB L. BORJAS, | & |
| INDIVIDUALLY AND IN HIS | & |
| OFFICIAL CAPACITY | & |

**CITY DEFENDANTS' MOTION
TO DISMISS OR FOR SUMMARY DISPOSITION
AND TO STAY ALL DISCOVERY**

---

May it Please the Court:

COMES NOW DEFENDANTS, the CITY OF SANTA ROSA, TEXAS (hereafter "CITY" or "SANTA ROSA") and SANTA ROSA POLICE CORPORAL JACOB L. BORJAS (hereafter "CORPORAL BORJAS") (hereafter collectively referred to as the "CITY DEFENDANTS") in this lawsuit and file this Motion to Dismiss pursuant to Rule 12 and Rule 56 of the Federal Rules of Civil Procedure.

**STATEMENT OF THE NATURE & STAGE OF THE PROCEEDING**

This is a civil rights complaint brought under 42 U.S.C. §1983 and the pertinent constitutional provisions prohibiting abuses of police power. Plaintiff Cuellar has sued a municipality, the CITY OF SANTA ROSA, which is organized under the laws of the State of Texas as a local government body, as well as one individual,

City Defendants Comprehensive
Set of Initial Dispositive Motions            Page 1

CORPORAL JACOB L. BORJAS, who was at the time of the alleged incident employed by the CITY OF SANTA ROSA POLICE DEPARTMENT.

The stage of the proceedings in this case are as follows: This Court on or April 24, 2000, ordered the parties to submit to mediation. Parties did file a Rule 26(f) Plan on January 17, 2000. As per the Court's Order, the parties have scheduled a mediation session on Thursday, May 25, 2000. Additionally, this Court issued its Scheduling Order on May 4, 2000.

### DEFENSES AND AFFIRMATIVE DEFENSES

The individually named defendant, CORPORAL BORJAS, to the extent that he has been sued in his individual and personal capacity, hereby asserts the defense of qualified immunity from any and all federal claims and official immunity from any and all state law based claims contained in Plaintiff's live pleadings.

The CITY denies that this incident is part of a pattern and practice, custom or policy of unconstitutional conduct by its employees.

### STATEMENT OF THE ISSUES FOR COURT

The issues before the Court are 1) Whether CORPORAL BORJAS, the arresting officer and defendant, is entitled to the affirmative defense of qualified and/or immunity from suit, 2) Whether there is any evidence that the CITY OF SANTA ROSA engages in the practice, policy and or custom of unconstitutional practices, and 3) Whether it is appropriate for this Court to stay all discovery proceedings

pending this Court's determination as to whether CORPORAL JACOB BORJAS is entitled to qualified immunity.

## SUMMARY OF THE MOTION

Plaintiff's Original Petition identifies two claims against CORPORAL BORJAS, in his individual and official capacity, including: 1) Excessive force cause of action under 42 U.S.C. § 1983, and 2) State-based intentional tort (assault) claim.

Also, Plaintiff's Original Petition identifies two claims against the CITY OF SANTA ROSA, including: 1) Excessive force cause of action under 42 U.S.C. § 1983, and 2) State-based negligence claim.

CITY DEFENDANTS move for summary judgment with respect to Plaintiff's claims on the basis that there existed probable cause to effectuate an arrest and no substantive constitutional violation can be pleaded or proved. Furthermore, there is no evidence that the CITY OF SANTA ROSA engaged in a practice, policy or custom of unconstitutional conduct by its employees. In addition, CITY DEFENDANTS move for a stay of all discovery pending resolution of the qualified immunity issues raised in this motion.

## UNDISPUTED AND INDISPUTABLE MATERIAL FACTS

The following undisputed and indisputable material facts are taken from the affidavit testimony of CORPORAL BORJAS attached as Exhibit "A."

On or about December 10, 1997, at approximately 10:30 p.m., CORPORAL BORJAS first saw Plaintiff driving westbound on Highway 107 in Santa Rosa, Texas, as Plaintiff pulled out of a bar parking lot onto Highway 107 without headlights. CORPORAL BORJAS then proceeded to stop Plaintiff on the side of the road, following and engaging his overhead lights and siren at several instances while driving on Highway 107. Plaintiff, however, did not pull over to the side of the road. Plaintiff's failure to turn on his headlights provided CORPORAL BORJAS with the necessary probable cause to initiate the stop.

CORPORAL BORJAS followed Plaintiff onto 1st street where Plaintiff continued to drive through a railroad crossing without engaging his headlights. Upon entering San Juanita Street in Santa Rosa, Plaintiff turned on his headlights and increased his speed. Although CORPORAL BORJAS' overhead lights continued to be engaged at this time, Plaintiff's increased speed prompted him to also engage his siren. Despite CORPORAL BORJAS' actions, Plaintiff did not pull to the side of the road.

CORPORAL BORJAS, in turn, followed Plaintiff to his residence at North 5th St., where Plaintiff parked his vehicle in front of his home, but Plaintiff did not get out of the truck. After parking his unit, CORPORAL BORJAS engaged his overhead safety lights to illuminate the vehicle's cabin. CORPORAL BORJAS, as he approached Plaintiff's vehicle, asked Plaintiff to exit his pickup

truck in English and then once again in Spanish. Plaintiff did not comply. CORPORAL BORJAS then opened the vehicle's driver's side door, asking Plaintiff to step out of the truck. At that time, Plaintiff got out of the truck and attempted to strike CORPORAL BORJAS. CORPORAL BORJAS, however, locked Plaintiff's wrist behind his back and Plaintiff stopped swinging momentarily.

As they walked towards the police vehicle, Plaintiff grabbed CORPORAL BORJAS and attempted to punch CORPORAL BORJAS, who gained control of Plaintiff's arms and placed them behind Plaintiff's back to arrest him. Plaintiff then began to kick CORPORAL BORJAS in the legs, and also began to move his arms to resist the arrest. Both men fell to the ground. CORPORAL BORJAS then handcuffed Plaintiff and called for backup.

During this time, Plaintiff cursed and yelled obscenities and threats at CORPORAL BORJAS. Plaintiff's speech was slurred, and he smelled like alcohol. Plaintiff, at one point, yelled to his wife, requesting that she bring him a gun so he could "take care" of CORPORAL BORJAS and the other officer present at the scene. CORPORAL BORJAS did not utilize any more force than was reasonably necessary to react to Plaintiff's use of force against CORPORAL BORJAS and to subsequently arrest Plaintiff.

Noting Plaintiff's facial injuries, CORPORAL BORJAS called EMS at Valley Baptist Hospital in Harlingen, Texas. Initially,

Plaintiff refused to be treated. He later agreed and received medical assistance by paramedics.

After the hospital released Plaintiff, CORPORAL BORJAS then called the jail located in the nearby City of La Feria, Texas, to find a cell for him, but they refused to house Plaintiff. Consequently, Plaintiff was cited for public intoxication, an offense that does not require an overnight stay in jail, and resisting arrest.

## GROUNDS FOR SUMMARY JUDGMENT

There is no genuine issues of material fact, and therefore CITY DEFENDANTS are entitled to summary judgment on the following grounds:

1) There is no evidence that CORPORAL BORJAS utilized excessive force in violation of Plaintiff's constitutional rights; and therefore Plaintiff's federal and state law claims against CORPORAL BORJAS in his individual and official capacity should by dismissed.

2) There is no evidence that Plaintiff was deprived of any constitutionally protected right as a result of a City of Santa Rosa, Texas, official policy, practice or custom.

3) There is no evidence that Plaintiff's injury was proximately caused by any negligent act or omission within any waiver of immunity of the Texas Tort Claims Act.

## ARGUMENT AND AUTHORITIES

### Corporal Jacob L. Borjas

**I. Summary Judgment Evidence Establishes the Arrest Was Lawful, and thus Corporal Borjas is Entitled to Qualified Immunity.**

CORPORAL BORJAS' reasons for stopping, and later arresting Plaintiff, were lawful as Plaintiff drove at night without engaging

his headlights in an inebriated state. Attached to this motion is a CORPORAL BORJAS' affidavit more fully outlining the factual basis of the occurrence in question:

A. Affidavit of Jacob. L. Borjas.

A review of CORPORAL BORJAS' affidavit establishes conclusively that there existed probable cause to stop, investigate and arrest Plaintiff on the evening December 10, 1997. There is no evidence that the arrest was without a factual basis. Consequently, Plaintiff's excessive force and assault claims relating to the December 10, 1997, incident are susceptible to disposition via a summary judgment as CORPORAL BORJAS is entitled to qualified immunity.

## City of Santa Rosa, Texas

**I. Plaintiff's §1983 Claims Against the City of Santa Rosa, Texas Should Be Dismissed in Their Entirety.**

To recover a judgment against a local governmental entity under Section 1983, a Plaintiff must allege and establish that he sustained a deprivation of constitutional or other federally protected rights as a result of some official policy, practice or custom of that governmental entity. *See Monell v. Department of Social Services,* 436 U.S. 658 (1978).

*Monell* held that a governmental entity can be found liable under Section 1983 only if the entity itself causes the constitutional violation at issue. 436 U.S. at 690-91. In other

words, *respondeat superior* or vicarious liability can not be a basis for recovery under Section 1983. 436 U.S. at 691-94. It is only when the execution of the government's policy or custom that inflicts injury can the governmental entity be held liable under Section 1983. See *Frairie v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir.1992). Moreover, a single incident can not serve as the basis of liability against the government entity. *See Avita*, 871 F.2d at 555 (citing *City of Oklahoma vs. Tuttle*, 471 U.S. 808 (1985)).

In this case, the Plaintiff is complaining about an incident where a lawful stop and subsequent arrest are involved. As the evidence demonstrates, Plaintiff refused to pull over and submit to police interrogation and later resisted arrest. CORPORAL BORJAS' affidavit indicates Plaintiff was inebriated. Despite Plaintiff's repeated threats, abusive behavior, and physical resistance, CORPORAL BORJAS attempted to arrest Plaintiff. This hardly rises to the level of showing a pattern, practice, policy or custom of unconstitutional arrests by the CITY OF SANTA ROSA POLICE DEPARTMENT.

As explained above, the CITY OF SANTA ROSA cannot be held vicariously liable. *See Monell,* 436 U.S. at 694. Moreover, alleged acts of negligence fail to state a claim for relief against the government entity with respect to all §1983 causes of action. *See Daniels vs Williams*, 474 U.S. 327, 331 (1986); *see also*

*Davidson vs. Cannon*, 474 U.S. 344, 348 (1986)(negligence does not state a claim for relief).

Consequently, the pleadings on their face do not state a claim for relief against the CITY OF SANTA ROSA, and therefore Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6).

**II. Plaintiff's State Law Based Claims Against the City of Santa Rosa Should Be Dismissed.**

In order to state a claim against the CITY OF SANTA ROSA, the Plaintiff must first plead and prove that the injury was proximately caused by an act or omission within one of the waivers of immunity of the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code §101.001 et seq. Waiver of immunity is limited to claims arising from the 1) the negligent operation or use of motor-driven vehicles or equipment; 2) the negligent condition or use of tangible personal property; and 3) premise defects on property owned or controlled by a governmental entity under Tex. Civ. Prac. & Rem. Code §101.021-022.

Plaintiff asserts negligence claims against the CITY in connection with the incident made the basis of this claim. These claims fall outside the limited waiver of immunity, and thus, Plaintiff has failed to state a claim against the CITY OF SANTA ROSA. Consequently, Plaintiff's state law based claims should be dismissed in their entirety as a matter of law.

## STAYING DISCOVERY

**I. Discovery Should Be Barred Pending Resolution by Motion of Affirmative Defense of Qualified Immunity.**

In addition to the foregoing motion for more definite pleading, and to the extent that Plaintiff's claim are not supported "with sufficient precision and factual specificity to raise a general issue of illegality of [any] Defendant's conduct at the time of the alleged act," this Court may, and should, bar any discovery at this threshold pleading stage. *See Schultea*, 47 F.3d 427, 433-34 (5th Cir. 1995) (*en banc*).

In *Wicks v. Mississippi State Employment Services*, 41 F.3d 991 (5th Cir. 1995), the Fifth Circuit went a step further and held that discovery must not proceed at all until the trial court has found that the plaintiff has asserted facts sufficient to meet heightened pleading requirements and thereby overcome the defense of qualified immunity. After ruling that the plaintiff's complaint in this case was "wholly conclusional" and did, in fact, fail to meet heightened pleading requirements, the Fifth Circuit found that the effect of the Magistrate's order allowing discovery on the qualified immunity issue was to deny the defendant the intended effects of a qualified immunity defense. The Fifth Circuit, therefore, reversed the district court's denial of the motion to stay discovery and remanded the case to the district court for

consideration of the motion to dismiss in a manner consistent with the court's opinion. See *Wicks*, 41 F.3d at 995.

Hence, the CITY DEFENDANTS likewise request that discovery be uniformly stayed in this action until the forgoing motions and the issues of qualified immunity has been resolved.

## CONCLUSION

THEREFORE, based on any one or more of the foregoing reasons, the CITY DEFENDANTS hereby request that the Court order the following relief:

1. That all discovery in the case be stayed pending resolution of the dispositive motion based on qualified immunity;

2. That the Court grant CITY DEFENDANTS' Motion to Dismiss or for Summary Judgment with respect to Plaintiff's federal and state law based claims against the CORPORAL JACOB L. BORJAS, in his individual and official capacities, and the CITY OF SANTA ROSA, TEXAS.

CITY DEFENDANTS further requests that upon final hearing of this case, that all relief sought by Plaintiff be denied, that a take nothing judgment against Plaintiff be entered. CITY DEFENDANTS further request any other additional and further relief, at law or in equity, to which they may be entitled.

SIGNED on the 24th day of May 2000.

Respectfully submitted,

**DENTON, McKAMIE & NAVARRO**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
So. Dist. ID No. 5953
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been sent by regular U.S. Mail unless otherwise indicated, to the person(s) listed below on this 24th day of May 2000.

Mr. Carlos Quintana                    **Via PDQ Delivery**
Law Offices of Carlos Quintana
Neuhaus Tower, Suite 1302
McAllen, Texas 78501

_____
RICARDO J. NAVARRO
MAURO F. RUIZ

r:\...\dismiss1.motion

## TABLE OF CONTENTS TO APPENDIX

A.   Affidavit of Jacob. L. Borjas........................pp. 1-4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE CUELLAR | & | |
| | & | |
| VS | & | C.A. NO. B-99-195 |
| | & | |
| THE CITY OF SANTA ROSA, | & | |
| AND OFFICER JACOB L. BORJAS, | & | |
| INDIVIDUALLY AND IN HIS | & | |
| OFFICIAL CAPACITY | & | |

### ORDER ON CITY DEFENDANTS' MOTION TO STAY DISCOVERY

On this day came to be considered CITY DEFENDANTS' to Stay Discovery. After due consideration of the motion on file with the Court and the arguments of respective counsel, the Court finds that the following Order should issue.

It is further ORDERED that CITY DEFENDANTS' Motion to Stay Discovery is hereby _____. All other relief not expressly granted is hereby denied.

SIGNED and this ____ day of _____, 2000.

_____
HON. HILDA G. TAGLE
U.S. DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE CUELLAR | & | |
| | & | |
| VS | & | C.A. NO. B-99-195 |
| | & | |
| THE CITY OF SANTA ROSA, | & | |
| AND OFFICER JACOB L. BORJAS, | & | |
| INDIVIDUALLY AND IN HIS | & | |
| OFFICIAL CAPACITY | & | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

On this day came to be considered CITY DEFENDANTS' Motion to Dismiss or for Summary Judgment. After due consideration of the motion on file with the Court, including the pertinent summary judgment evidence, and the arguments of counsel, the Court finds that the following Order should issue.

It is further ORDERED that CITY DEFENDANTS' Motion to Dismiss or for Summary Judgment is hereby _____. All other relief not expressly granted is hereby denied.

SIGNED and this ____ day of _____, 2000.

_____
HON. HILDA G. TAGLE
U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE CUELLAR | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | Cause No. B-99-195 |
| | § | |
| THE CITY OF SANTA ROSA AND | § | |
| OFFICER JACOB L. BORJAS, | § | |
| INDIVIDUALLY AND IN HIS | § | |
| OFFICIAL CAPACITY | § | |

### AFFIDAVIT OF CORPORAL JACOB BORJAS
### CITY OF SANTA ROSA, TEXAS

STATE OF TEXAS      §

COUNTY OF CAMERON    §

    BEFORE ME, the undersigned Notary Public, on this day personally appeared, CORPORAL JACOB BORJAS, who being by me duly sworn and known to be the person whose signature appears below, stated on oath the following:

    1. My name is JACOB L. BORJAS. I am over the age of twenty-one (21) years, of sound mind and fully capable of making this affidavit.

    2. I have been asked by my litigation defense counsel to provide the following testimony in the lawsuit identified in the caption to this affidavit. The testimony provided below is all within my personal knowledge and it is true and correct.

    3. I am currently employed by the City of Primera, Texas. Previously, I was employed by the City of Santa Rosa, Texas for approximately a year and a half. My employment with the City of Santa Rose began on March 26, 1997, as a Patrol Officer. On or about October 18, 1998, I began working for the Primera Police Department.

    4. It is my understanding that this lawsuit arises from the traffic stop and arrest of Jose Cuellar which I made on December 10, 1997. I have personal knowledge of the events of that evening. At that time, I was duly

Cuellar: Affidavit of Corporal Jacob L. Borjas          Page 1



EXHIBIT "A"

certified police officer for the City of Santa Rosa and all of my actions that evening were taken within the course and scope of my employment as a police officer for the City of Santa Rosa.

5. At approximately 10:30 p.m. on December 10, 1997, as I drove eastbound on Highway 107, I first noticed a vehicle pulling out of a bar's parking lot driving westbound on Highway 107 with no headlights. I then initiated my overhead lights and made a u-turn to follow and pull over the westbound vehicle. I then tapped my siren briefly to get the driver's attention so that he would pull over. The driver refused to pull over and I continued to follow the driver as he turned right on 1st street.

6. I then tapped my siren again so that the driver could pull over, but he did not and continued driving with no headlights. I continued to follow him on 1st street. We crossed the railroad tracks and the driver still had not pulled over nor turned on his lights. I noticed the drive then turned right on San Juanita Street and turned on his headlights. At that time, he sped up, and I turned on my siren box in addition to my overheads which continued to be on.

7. As I followed the driver, he turned left on North 5th street. The driver pulled into to a driveway and parked his truck. I then turned off my siren box and turned on my overhead safety lights so that I could determine the number of people inside the truck. I got out of my vehicle, stood behind the truck, and I tapped the vehicle, asking, in English, that the driver step out of his vehicle. The driver did not reply to my request so then I asked in Spanish that the driver step out of his vehicle. He did not reply to my request. As I walked towards the door, the subject was moving from side to side. I slowly walked up to the driver's side door, and opened the door. I then asked the driver if he could please step out. That is when he came out of his truck swinging at me, which caused me to step back to avoid being hit.

8. He continued to swing at me, but I a managed to calm him down by locking his wrist behind his back. Then I asked him to walk towards the police vehicle because it was too dark in the area left of the truck. Walking towards my car, the subject grabbed my right arm and

began to swing at me again. I took a step back to avoid getting hit. I managed to grab both of his arms and placed them behind his back. He then began to kick me on my left leg. He moved around trying to hit me, moving his upper body and legs. At that time, I lost my footing and we both fell to the ground. I fell completely to one side, my left side, and then jumped to my knees to reach my handcuffs. I put the cuffs on the subject while he was on the ground, and then I called for backup from another Santa Rosa police officer, Hector Zuniga. I did not, however, at any time use more force than we called for to get Plaintiff under control and under arrest. I also saw a female walking towards me, who came out of the house.

9. I spoke to the female and told her what had happened. While still on the ground, he then cursed and yelled obscenities and threats at me in a slurred way. By now I was standing and when I turned around to look at subject, I noticed he had spit blood from his mouth. I then walked towards him and sat him up and noticed a big bump on his left upper cheek, and called for paramedics. When I sat him up I smelled alcohol.

10. When I called for the paramedics, Officer Zuniga arrived at the scene. The subject then asked his wife to bring his gun so that he could shoot me and other officer. EMS arrived at the scene and subject refused medical treatment. But he agreed to the medical attention after being calmed by his wife and a friend.

11. The injuries received by Plaintiff were not a result of any intentional or unnecessary physical contact initiated by me. I did not use any weapon nor did I inflict any more force than was necessary to get Plaintiff under arrest.

12. After he obtained a medical clearance from Valley Baptist, I called the La Feria Police and they refused to house the subject. I then cited the subject for public intoxication and also for evading and resisting arrest.

_____
JACOB BORJAS, POLICE OFFICER
CITY OF SANTA ROSA, TEXAS

SUBSCRIBED AND SWORN TO BEFORE ME by the said JACOB BORJAS on this 23rd day of May, 2000, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC, State of Texas

[Seal: NORMA G. DELGADO, Notary Public, State of Texas, My Commission Expires NOV. 5, 2002]

Printed Name: Norma G. Delgado

My commission expires: 11/05/2002

Cuellar: Affidavit of Corporal Jacob L. Borjas                Page 4