UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 6 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOSE CUELLAR           § | |
|     Plaintiff      § | |
| § | |
| vs.                   § | Cause No. B-99-195 |
| § | |
| THE CITY OF SANTA ROSA AND § | |
| OFFICER JACOB L. BORJAS, § | |
| INDIVIDUALLY AND IN HIS § | |
| OFFICIAL CAPACITY      § | |

**CITY DEFENDANTS' MOTION TO STRIKE MEDIATOR'S REPORT**

---

May It Please The Court.

COMES NOW, the CITY OF SANTA ROSA and POLICE OFFICER JACOB L. BORJAS, Individually and in his Official Capacity, (collectively, "CITY DEFENDANTS") and file this Motion to Strike Mediator's Report for the reasons more fully set forth below.

**PROCEDURAL BACKGROUND**

Plaintiff filed his Original Complaint against the CITY and OFFICER JACOB BORJAS, Individually and in his Official Capacity, on December 7, 1999.

On April 24, 2000, in conjunction with the Cameron County Bar Association's Settlement Week Program and pursuant to Local Rule 20, this Court ordered the parties to mandatory mediation.

The parties mediated this matter on May 25, 2000, at the Law Offices of James Herrmann, the assigned mediator.

The mediation did not succeed.

City Defendants' Motion to Strike Mediation Report      Page 1

On May 30, 2000, Counsel for CITY DEFENDANTS received Attorney Herrmann's Report of Mediation (hereafter "Mediation Report" or "Report"). The Report disclosed confidential information, and therefore, was in non-compliance with the applicable state and federal rules and the mediator's duty of confidentiality. Defense Counsel made a written request to Attorney Herrmann asking that the Report be withdrawn and that a proper report be filed with the Court. Attorney Herrman did not respond to this request by the indicated deadline for a response. Therefore, to protect their rights of confidentiality, CITY DEFENDANTS are hereby forced to file this Motion to Strike the Mediation Report.

### SUMMARY OF BASIS FOR STRIKING MEDIATION REPORT

1. **The Mediation Report Violates Local Rules 20(I) and (K) in That it Discloses Confidential Information.**

2. **The Mediation Report Violates § 101.053 of the Texas Civil Practices and Remedies Code in That it Discloses Confidential Information.**

3. **The Mediation Report Intentionally Misrepresents the Tenor of the Mediation Session in That it Goes out of its Way to Imply That Defendants Did Not Mediate in Good Faith, and Thus, Prejudice Defendants' Defense with the Court.**

### LEGAL DISCUSSION & ANALYSIS

1. **The Mediation Report Violates Local Rule 20(I) & (K) in That it Discloses Confidential Information.**

According to this Court's Mediation Order, this matter was referred to mediation sua sponte under the auspices of Federal Local Rule 20 governing alternative dispute resolution procedures

(hereafter "ADR session" or "mediation). Under Rule 20, the mediator must comply with the confidentiality protections afforded to the parties. Specifically, under section (I) of Rule 20, the local rules are clear that the communications made during the ADR session must remain confidential:

> I. Confidentiality; Privileges and Immunities. All communications made during ADR procedures are confidential and protected from disclosure and do not constitute a waiver of any existing privileges and immunities.

Attorney Herrmann's report includes confidential information which clearly should not be disclosed. For instance, the Report claims Defendants "were unwilling(ness) to entertain a demand with a counter offer." Besides mischaracterizing the actual tenor of the mediation, Attorney Herrmann's opinion is a clear violation of Section I in that it discloses communications made during the mediation.

Moreover, the Report also fails to comply with Section K (1) of Rule 20. Under Section K, the mediation report must meet several requirements, including only whether the mediation was a success or failure. Section K states:

> K. Conclusion of ADR Proceedings. At the conclusion of each ADR proceeding, the provider, parties and the Court will take the following action:
> 1. The ADR provider will send the court clerk a memorandum stating the style of the civil action number of the case; the names, addresses, and telephone numbers of counsel and the parties; the type of case, the method of ADR proceeding; the **success or failure** of the ADR proceeding, and the provider's fees.

City Defendants' Motion to Strike Mediation Report                                    Page 3

Section K only requests that the mediator communicate to the Court whether the mediation was a success or failure, and no where does it allow the mediator to include his personal opinion as to the tenor or demeanor of the parties or the parties' counsel.

For these reasons, the Mediation Report should be stricken, and withdrawn as part of the record in this matter.

**2. The Mediation Report Violates § 101.053 of the Texas Civil Practices and Remedies Code in That it Discloses Confidential Information.**

In conjunction with the Cameron County Bar Association's Settlement Week, the Court sua sponte referred this case to mediation, implicating state ADR rules/regulations and rules governing state settlement week proceedings as well. See Chapters 154 and 155 of the Tex. Civ. Prac. & Rem. Code.

Under the state ADR rules, and specifically §154.053(c), parties are afforded broad confidentiality protections for all matters taking place during settlement negotiations. Section (c) states:

> Unless the parties agree otherwise, all matters, including the **conduct and demeanor** of the parties and their counsel during the settlement process, are confidential and may **never be disclosed** to anyone, including the appointing court.

As mentioned above, the Mediation Report's reference to Defendants' "unwillingness" to "counter offer" pretends to describes the conduct and demeanor of the parties during a settlement process, which may never be disclosed without the

City Defendants' Motion to Strike Mediation Report                    Page 4

parties consent. Defendants never agreed to disclose any part of the Court-ordered settlement process. Aside from the improper disclosure, the Mediation Report misrepresents the actual tenor of the mediation, and for these reasons, Defendants urge this Court to strike the Mediation Report as improper.

3. **The Mediation Report Intentionally Misrepresents the Tenor of the Mediation Session in That it Goes out of its Way to Imply That Defendants Did Not Mediate in Good Faith, in an Apparent Effort to Prejudice Defendants with the Court.**

The Mediation Report appears to goes out of its way to characterize the substance of the mediation in such a way so as to to prejudice the Court against the CITY DEFENDNTS in this matter. To DEFENDANTS' surprise, the Report inaccurately represents to the Court the actual discussions and settlement processes at play during the session.

The implication of Attorney Herrmann's Report is that Defendants did not mediate in good faith, which is simply not true. In this regard, Attorney Herrman failed miserably in complying with his duties and obligation as an impartial mediator. To allow a mediator to become an advocate for one of the parties to a mediation does a disservice to the concept of alternative dispute resolution.

### CONCLUSION AND PRAYER

Therefore, based on any one or more of the foregoing reasons, CITY DEFENDANTS requests that the Court strike Attorney Herrmann's

Mediation Report as failing to comply with applicable state and federal laws.

CITY DEFENDANTS also request that the Court order Attorney Herrmann to file a report in compliance with applicable federal and state laws and specifically Local Rule 20 governing ADR proceedings.

CITY DEFENDANTS further pray for and hereby request other additional relief at law or in equity to which they may be entitled.

SIGNED on the ____6th____ day of June, 2000.

Respectfully Submitted,

**DENTON, McKAMIE & NAVARRO**
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

## CERTIFICATE OF SERVICE

    I certify that a true copy of this document has been sent to the persons listed below on the 6th day of June, 2000.

Mr. Carlos Quintana
LAW OFFICES OF CARLOS QUINTANA, PC
Neuhaus Tower, Suite 1302
200 South 10th Street
McAllen, Texas 78501

Mr. James Herrmann
Attorney at Law
1205 E. Tyler
Harlingen, Texas 78550

                                        RICARDO NAVARRO
                                        MAURO F. RUIZ

r:\cuellar\strikemed.mot