Case 1:99-cv-00195   Document 13   Filed in TXSD on 06/13/2000   Page 1 of 21



United States District Court
Southern District of Texas
FILED

JUN 1 3 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE CUELLAR | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-99-195 |
| | § | |
| THE CITY OF SANTA ROSA, and | § | |
| OFFICER JACOB L. BORJAS, | § | |
| INDIVIDUALLY and IN HIS OFFICIAL | § | |
| CAPACITY | § | |
| DEFENDANTS | § | JURY TRIAL DEMANDED |

## PLAINTIFFS' MOTION TO CONTINUE SUMMARY JUDMENT HEARING AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY SUMMARY JUDGMENT AND TO STAY ALL DISCOVERY

COME NOW Plaintiff **JOSE CUELLAR**, and files this his Plaintiff's Motion to Continue Summary Judgment Hearing and Opposition to Defendant's Motion for Summary Judgment and to Stay All Discovery, and for cause would respectfully show the Honorable Court as follows:

## I.

## STATEMENT OF THE CASE

This is a civil rights case brought under 42 U.S.C. § 1983. The case arises out of the following incident.

On or about December 10, 1997, sometime between 10:00 and 10:30 at night, Plaintiffs was returning home from a local bar. In fact, Plaintiff had arrived at his home and was sitting in his truck listening to the radio, when Officer BORJAS suddenly

approached him from behind.

Suddenly and without warning, OFFICER BORJAS opened the door of Plaintiff's truck, proceeded to drag Plaintiff out of his truck.   Plaintiff did not know what was occurring or why Officer BORJAS was dragging him out of his vehicle.  Plaintiff was well known at the police department, because of different carpentry jobs he had done at the Santa Rosa police department, and because the community is so small, everyone knows everyone else.   Members of the police department knew he was not a violent person.

Officer BORJAS began to beat Plaintiff to the point that OFFICER BORJAS was slamming Plaintiff's face against the ground and against the truck's back bumper. Plaintiff was bleeding profusely.

At that point, a second police officer arrived, they slammed plaintiff on the ground and in their attempt to handcuff Plaintiff they placed their knees on Plaintiff's back causing him severe injuries.  In addition, Plaintiff began to bleed profusely from the wounds in his mouth, face and eyes.

Shortly thereafter, Plaintiff was transported to Valley Baptist Medical Center in Harlingen, Texas.   Upon examination, it was revealed that Plaintiff had fractures about his face.   Please refer to EXHIBIT "A", & "B", copies of photographs taken of Plaintiff the day after the incident and EXHIBIT "C", copy of photograph of Plaintiff's truck and home where he was living at time of the incident.

As a result of Defendant's conduct, Plaintiff suffered permanent injuries. Specifically, due to the force used by Defendants all Plaintiffs incurred medical expenses

in excess of $3,500.00.   Please refer to EXHIBIT "D", copies of medical bills.

## DISCOVERY SHOULD NOT BE BARRED PENDING RESOLUTION OF QUALIFIED IMMUNITY DEFENSE

The Federal Rules of Civil Procedure do not limit discovery in a case such as the one at bar, Rule 8(a).  The Rules do not have a "heightened pleading standard"that is applicable to civil rights cases alleging municipal liability under 1983 or for that matter liability against individual government officials.  In this particular case involving police officers.

The United State Supreme Court in <u>Leatherman v. Tarrant County NICU</u>,507 U.S. 163 (1993)held that "a Federal Court may not apply a "heightened pleading standard" more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8 (a) - in civil rights cases alleging municipal liability under 1983.  First, the heightened standard cannot be justified on the round that a more relaxed pleading standard would eviscerate municipalities immunity from suit by subjecting them to expensive and time consuming discovery in every 1983 case.  Municipalities, although free from respondeat superior liability under 1983, see <u>Monell v. New York City Dept. Of Social Services</u>, 436 U.S. 658, do not enjoy absolute or qualified immunity from 1983 suits, id., at 701; <u>Owen v. City of Independence</u>, 445 U.S. 622, 650.  Second, it is not possible to square the heightened standard applied in this case with the liberal system of "notice pleading" set up by Federal Rules.  Rule 8(a) (2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief."  And while Rule 9(b) requires greater particularity in

pleading certain actions, it does not include among the enumerated actions any reference to complaints alleging municipal liability under 1983. Pp 165-169.

Even if this Court were to consider jurisprudence requiring a "heightened pleading standard" such as in <u>Wicks v. Mississippi State Employment Services, et al</u>, 41F.3d 991 (5th Cir. 1995), this Plaintiff has plead sufficient facts with sufficient specificity to raise a general issue of illegality involving Officer BORJAS conduct at the time of the alleged offense. Plaintiff's complaint is not conclusional. It relates how Plaintiff was hit with a blunt instrument, how he was pulled out of his truck, how he was slammed on the ground, and how he was made to bleed. Even Officer Borjas' affidavit relates how the Plaintiff was spitting blood from his mouth. Additionally, Officer Borjas noted a big bump on his left upper cheek. Clearly, Plaintiff is stating enough facts with particularity to call into question the illegality of Officer Borjas conduct.

For the reasons stated above this court should allow discovery as to all aspect of this action including on the affirmative defense of qualified immunity.

Such discovery should not be stayed because the City of Santa Rosa is not permitted to assert qualified immunity.

*Geter v. Fortenberry (GetterII)*, 882 F. 2d 167 (5th Cir. 1989) (accord) found that "where a Plaintiff's pleadings assert facts which, if proven, would defeat a qualified immunity defense, limited discovery may be permitted tailored to the issue of qualified immunity".

The Court should continue Defendant's Motion for Summary Judgment because

discovery has not yet begun.   Federal Rules Civil Procedure, Rule 56(f), provides that

this Court has the discretion to grant a continuance of a summary judgment hearing

until such time as discovery is complete.   Rule 56(f) "provides a safety valve

claimants genuinely in need of further time to marshal facts, essential to justify the

opposition.... to a summary judgment motion". <u>Reid v. New Hampshire</u>, 56 F.3d

341 (Ist Cir. 1995). To obtain a continuance, Plaintiffs must present an affida

showing that they have diligently pursued discovery and explaining why their eff

have not yielded the necessary facts. <u>Paddington Partners v. Bouchard,</u> 34 F.3d

1138 (2d Cir. 1994). They must also present a plausible basis for their belief

discoverable materials exist that would likely raise a genuine issue of material fac

thus, defeat summary judgment. <u>RTC v. North Bridge Associates</u>, 22 F.3d 1198, 120

(1st Cir. 1994).

The affidavit of Carlos Quintana, one of Plaintiffs' attorneys, satisfi

requirements of Rule 56(f). First, it establishes that Plaintiffs have been diligen   s

conducting discovery. (EXHIBIT "E").   The parties have exchanged vol   y

disclosures. However, said disclosures have not yielded all the necessary facts. Plai   's

counsel has been unable to conduct depositions that need to be done due to t   e

still being relatively young and due to Plaintiff's recent death.  However, Plain   re

in the process of obtaining witness affidavits which are necessary prior to the se   of

any depositions.   If Plaintiffs are granted a continuance, they expect to d   ver

additional evidence regarding Officer Borjas' conduct and Santa Rosa's impropr   ing

and use of excessive force.  Plaintiff believes that said witness affidavits will be able

relate other incidents of excessive force, and the training (or lack thereof) provided

its officers.   Such evidence will clearly demonstrate custom and policy.   Thus

continuance should be granted so that proper discovery can take place.

### III.
### ALTERNATIVELY, IF THE COURT DOES NOT GRANT A CONTINUANCE, IT SHOULD DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Even if this Court denies Plaintiffs' Motion for Continuance and/or gr

Defendant's Motion to Stay all Discovery Proceedings, it should deny Defendar

Motion for Summary Judgment and/or Motion to Dismiss because the evio

submitted by Plaintiffs is sufficient to create material fact issues as to whether BORJ

1) used excessive force in violation of Plaintiff's constitutional right; and whether

Plaintiff was deprived of a constitutionally protected right as a result of Santa F

official policy, practice or custom; and whether 3)Plaintiff's injury was cause

negligent acts or omissions within any waiver of immunity of the Texas Tort Clai

### A. THE STANDARD FOR SUMMARY JUDGMENT MOTIONS

Summary judgment is only proper when there is no genuine issue as t

material fact and the moving party is entitled to judgment as a matter of law.  F

Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986): Hall v. Dow Co.

Corp., 114 F. 3d 73 (5th Cir. 1997).  In reviewing the facts, the Court must dr

inferences in favor of the nonmovants. Hall, 114 F. 3d at 73.

In any summary judgment motion, "The moving party bears the initial bu

of identifying for the court the basis for its motion and the portions of the record it believes demonstrate the absence of a genuine issue of material fact." <u>Johnson v. Miller</u>, 925 F.Supp. 334, 341 (E.D.Pa. 1996).  Thus, the mover bears the burden of proof, and all reasonable doubts of the genuine issue of material fact have to be resolved against him.  <u>Jones v. Western Geophysical Co. of America</u>, <u>supra</u> at 283. "Requiring the movant to overcome this stringent presumption and meet this burden of proof is clearly appropriate, given the drastic effect of granting summary judgment--the litigant is precluded from presenting his case to a jury." <u>Patrick v. Le Fevre</u>, 745 F.2d 153, 158 (2d Cir. 1984).

To avoid summary judgment, the non-moving party must produce evidence such that a reasonable jury could find for that party.  <u>Johnson v. Miller</u>, <u>supra</u>.  This burden is not especially heavy.  <u>Lee v. United States</u>, 870 F.Supp. 137, 139 (W.D.Tex. 1994).  As the Fifth Circuit has noted, "where the record . . . shows any material facts or factual inferences in dispute, we have consistently held that summary judgment is inappropriate." <u>Gossett v. Du-Ra-Kel Corp.</u>, 569 F.2d 869, 871 (5th Cir. 1978).

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S GROUNDS FOR SUMMARY JUDGMENT</u>

As one of their basis for Summary Judgment, Defendants claim that "there is no evidence that CORPORAL BORJAS utilized excessive force in violation of Plaintiff's constitutional rights; and therefore Plaintiff's federal and state law claims against

CORPORAL BORJAS in his individual and official capacity should be dismissed".

Plaintiff would show that there is enough evidence to show that excessive force was used by Defendant BORJAS. Plaintiff submits as evidence EXHIBIT "F", Santos Perez' affidavit, wherein she states that she was able to see Officer Borjas slamming Plaintiff's face against the truck. In addition, we provide the affidavit of Jesus Olivarez, attached herewith as EXHIBIT "G", wherein he states that he also witnessed excessive force being used by BORJAS against Plaintiff.

Furthermore, Plaintiff's wife, Flor Estella Briones provides her affidavit attached at EXHIBIT "H", wherein she states that she saw her husband bleeding from his face and believed him to be seriously hurt. Plaintiff refers you to EXHIBITS "A" & "B", copies of photographs which were taken the day following the beating.

In *Graham v. Connor*, 490 U.S. 386,395, 109 S. Ct. 1865, 1871 (1989) Force used is excessive (and thus a violation of the Fourth Amendment) if it is objectively unreasonable. Such objective unreasonableness is determined by considering the need for force, the amount of unreasonableness is determined by considering the need for force, the amount of force used, the reason for using force. Samples on behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1331, (11th Cir. 1988). As previously noted, deadly force can only be used if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others. Tennessee v. Garner, 471 U.S. 1, 3, 105 S.Ct. 1694, 1697, 85 L.Ed2d 1 (1985).

In making this determination, and contrary to Appellant, the Defendant's

subjective belief is irrelevant. <u>Anderson v. Creighton</u>, 483 U.S. 635, 641, 107 S. Ct. 3034, 3040, 97 L.Ed.2d 523 (1987). Furthermore, the version of the facts presented by the Defendant need not be considered the gospel truth. <u>See, Zuchel v. City and County of Denver, Colorado</u>, 997 F.2d 730, 737 (10th Cir. 1993); <u>Samples on behalf of Samples v. City of Atlanta, supra</u>.[1]  "It is the province of the jury, not the court, to decide on the credibility of the defendant's account of the need for force." <u>Adams v. Metiva</u>, 31 F.3d 375, 387 (6th Cir. 1994).  Rather, if the facts are disputed, then summary judgment is improper.  <u>See, e.g.</u>, <u>Hayter v. City of Mount Vernon</u>, 154 F.3d 275 (5th Cir. 1998); <u>Brawer v. Carter</u>, 937 F. Supp. 1071 (S.D.N.Y. 1996); <u>Denmark v. Lee County</u>, 931 F.Supp. 831, 836 (M.C. Fla. 1996); <u>Sevier v. City of Lawrence</u>, 835 F.Supp. 1360, 1367 (D. Kan. 1994), <u>appeal dism'd</u>, <u>supra</u>.

In <u>Graham v. Connor</u>, <u>supra</u>, the Supreme Court explained that "the reasonableness inquiry in an excessive force case is an objective one; evaluating the officer's conduct under the Fourth Amendment we must balance the amount of force used against the need for that force with reference to clearly established law at the time of the conduct in question".   In the case at bar, the evidence, specifically, the affidavits of Santos Perez, and Jesus Olivarez, show that the force that was used was not needed. Jesus Olivarez states that he "thought it unusual that the officer had his knee on the back of Jose's neck when he was already in cuffs".  Santos Perez affidavit states that "the

---

[1] Appellee would also point out that Appellant's reliance on hypothetical questions to Appellee's experts, and then claiming that the facts are undisputed, is "disingenuous at best". <u>Zuchel v. City and County of Denver, Colorado</u>, <u>supra</u> at 737 n.2.

police officer had hold of Jose Cuellar and was slamming Jose's face against the tail end of his truck...He then threw his entire weight on Jose by forcing his knee on Jose's neck".

*Colston, et al v. Barnhart, et al*, _ F3d _ (5th Cir. 1998), held that "Despite our real concern about the policy interests protected by qualified immunity, we cannot forget that our fellow citizens also have a legitimate interest in vindicating their rights as provided by law.  Congress has provided by statute that: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights privileges, or immunities secured the Constitution and laws, **shall be** liable to the party injured in an action at law, suit in equity or other proper proceeding for redress....

42 U.S.C. § 1983. Qualified immunity is intended to extinguish some legitimate claims arising under § 1983 which are frivolous or ambiguous in nature.... But in a case where the Plaintiff has alleged a violation of his then-clearly- established constitutional rights and claims serious and demonstrable damages from the official's conduct which was not objectively reasonable - the Plaintiff should be entitled to proceed to trial..." *Colston, et al v. Barnhart, et al*, supra.   "[I]t is not unfair to hold liable the official who knows or should have known he is acting outside the law" Butz, 438 U.S. at 506, 98 S. Ct. At 2911.  The primary lesson of the recently decided case of *Crawford - El v. Britton,* 118 S. Ct. 1584 (1998), is that the "Courts of Appeal should not go beyond the basic qualified immunity framework to deprive Plaintiffs of their "day in Court.""

## USE OF FORCE UNREASONABLE.

When an accused is handcuffed, he does not present danger to the officers, especially if he is not violent.  However, in this case, Plaintiff was beaten after he was handcuffed.  Such conduct, clearly violates the Fourth Amendment.

With regards to Defendants second summary judgment grounds, they claim that "there is no evidence that Plaintiff was deprived of any constitutionally protected right as a result of a City of Santa Rosa, Texas, official policy, practice or custom".  *Graham v. Connor,* supra, stated "where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one involving the protection of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons... against unreasonable... seizures" of the person."  Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish,* 441 U.S. 520,559 (1979), however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.  See *Tennessee v. Garner,* 471 U.S., at 8 - 9 (the question is "whether the totality of the circumstances justifie[s] a particular sort of ...seizure").   In this particular case, Plaintiff was not trying to evade arrest by flight.  In fact, he was already stopped and sitting in his truck listening to the radio when the Defendant BORJAS approached Plaintiff's vehicle from behind and ordered Plaintiff

to step out of the vehicle.   Plaintiff was in no way a threat to the safety of the officers or others.  Did the totality of the circumstances justify the beating received by Plaintiff from Defendant BORJAS?  No.  There are no circumstances, that would justify the beating depicted in EXHIBITS "A" & "B".

As to Defendant's third summary judgment issue, wherein they claim that "there is no evidence that Plaintiff's injury was proximately caused by any negligent act or omission within any waiver of immunity of the Texas Tort Claims Act".  Plaintiff will show that Defendant was using tangible personal property.  The use of such tangible personal property proximately caused the incident in question.

State law precludes liability for violating Federal Constitutional rights.  Immunity granted under State Law does not prevent a state actor from being liable under 28 U.S.C. §1983, <u>Williams v. Alabama State University</u>, 865 f. SUPP. 789 (M.D. Ala. 1994); <u>Daddow v. Carlsbad Municipal School District</u>., 120 N.M. 97, 898 P 2d 1235 (1995), <u>cert. denied</u>, 116 S. Ct. 753, 133 L Ed.2d 700 (1996), Accordingly, any immunity granted by the Texas Tort Claims Act is irrelevant, and does not prevent Plaintiffs from recovering.

## PLAINTIFF WAS DEPRIVED OF CONSTITUTIONALLY PROTECTED RIGHTS AS A RESULT OF CITY OF SANTA ROSA'S OFFICIAL POLICY, CUSTOM OR PRACTICE

Defendants are correct that respondeat superior provides an insufficient basis to hold them liable pursuant to 42 U.S.C. §1983.  Rather, their custom and policy must be involved.  In the case at bar, *two* different Santa Rosa police department

policies are involved: 1) Santa Rosa police department's policy of inadequate training and supervision of its employees; and 2) Santa Rosa police department's policy of using excessive force to effectuate arrests or dealing with citizens. These clearly present sufficient bases for Defendants' own liability.

As previously mentioned, a county will be held liable for its own policy under 42 U.S.C. §1983 for its own policy, and not under respondeat superior. However, official pronouncements of a particular governing body are not the only source of governmental policy, see, Colvin v. Curtis, 860 F.Supp. 1503, 1506 (M.D. Fla. 1993), vacated in part on other grounds, 62 F.3d 1316 (11th Cir. 1995); rather, repeated conduct or custom can likewise demonstrate policy. "Custom may be established by proof of knowledge and acquiescence." Fletcher v. O'Donnell, 867 F.2d 791, 793-94 (3d Cir. 1989), cert. denied, 490 U.S. 1214, 109 S.Ct. 3244, 106 L.Ed.2d 591 (1989); accord, Marchese v. Lucas, 758 F.2d 181, 188 (6th Cir. 1985), cert. denied, 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 685 (1986).

Such an unconstitutional custom or practice exists when the police officer is not properly disciplined. Doe v. Burwell, 537 F.Supp. 186, 197-88 (S.D. Ohio 1982). As one court has explained:

> [A] city's failure to maintain an adequate system of disciplining officers who act unconstitutionally might also 'fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury.' [City of Canton v. Harris, 489 U.S. 378, 390, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412

(1989)]; <u>see</u>, <u>e.g.</u>, <u>Bielevicz v. Dubinon</u>, 915 F.2d 845,
852-53 (3d Cir. 1990)acquiescence in custom of arresting
individuals without probable cause sufficient to support
municipal liability); <u>Leach v. Shelby County Sheriff</u>, 891
F.2d 1241, 1247-48 (6th Cir. 1989)(failure to investigate
and supervise jailkeeper's deplorable treatment of
paraplegic inmates sufficient to support municipal
liability), <u>cert. denied</u>, 495 U.S. 932, 110 S.Ct. 2173, 109
L.Ed.2d 502 (1990); <u>Harris v. City of Pagedale</u>, 821 F.2d
499, 504-06 (8th Cir.)(failure to take remedial action
against known pattern of sexual misconduct by police
officers sufficient to support municipal liability), <u>cert.
denied</u>, 484 U.S. 986, 108 S.Ct. 504, 98 L.Ed.2d 502
(1987); <u>Fiacco v. City of Renaselauer</u>, 783 F.2d 319, 326
(2d Cir. 1986)(failure to investigate claims of police
brutality sufficient to support municipal liability), <u>cert.
denied</u>, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 698
(1987); <u>cf.</u>, <u>Morgan v. District of Columbia</u>, 824 F.2d
1049, 1058 (D.C. Cir. 1987)(affirmance of jury verdict ·
that the District had an official policy, custom or practice
of failing to take significant steps to prevent a known risk
in a jail).

<u>Cox v. District of Columbia</u>, 821 F.Supp. 1, 12 (D.D.C. 1993); <u>accord</u>, <u>Hogan v.</u>

<u>Franco</u>, 896 F.Supp. 1313, 1320 (N.D.N.Y. 1995).

Likewise, lack of training and supervision can demonstrate policy. <u>Lucas v.</u>

<u>New York City</u>, 842 F.Supp. 101, 103 (S.D.N.Y. 1994)("Municipalities are liable

under §1983 where their failure to train their police amounts to deliberate

indifference to the rights of persons with whom the police come in contact.") Such

lack of training and supervision can be the lack of training and supervision in self-

restraint. <u>See</u>, <u>Javid v. Scott</u>, 913 F.Supp. 223, 231 (S.D.N.Y. 1996). "The failure

to train can amount to deliberate indifference when the need for more or different

training is obvious, such as when there exists a history of abuse by subordinates that has put the supervisor on notice of the need for corrective measures, and the failure to train is likely to result in the violation of constitutional rights." Belcher v. City of Foley, Alabama, 30 F.3d 1390, 1398-99 (11th Cir. 1994). The repeated failure to follow policy guidelines demonstrates such deliberate indifference. Rideau v. Jefferson County, supra at 304; Colvin v. Curtis, supra at 1507.The quality of training is not determinative. Rideau v. Jefferson County, supra.

We are including evidence of prior incidents of excessive force, however, PLAINTIFF is seeking a continuance to any ruling on Defendant's motion in order to develop more testimony by way of depositions from the Chief of Police and/or city officials with respect to prior incidents and how they are investigated, the types of disciplinary actions taken against police officers who are found to be in violations of those polices and procedures, the amount and degree of training on the use of excessive force, as well as in conducting citizen's arrests.

It is interesting to note that Defendant's herein did not include any summary judgment evidence on the issue of policy and procedures, and on the issue of training and supervision. They are only making a conclusory statement that Officer BORJAS conduct was not pursuant to a custom and practice.

Upon inspection of OFFICER BORJAS affidavit, no statement as to his training and level of supervision was ever made. Notably, absent is a statement by

Officer BORJAS telling this court that he has never been accused prior to the incident of December 10, 1997 in any incident of excessive force.  On the other hand, this Plaintiff is presenting evidence via EXHIBIT "I", affidavit of Benita Ruiz and EXHIBIT "J", affidavit of Esmeralda Ruiz showing that in deed Officer Borjas had been subjected to allegations of excessive force less than ten days prior to this incident.

Finally, a governmental entity may possess a policy of using excessive force in making arrests.  See, e.g., Colvin v. Curtis, supra.  Such a policy is shown when the governmental entity does nothing to correct complaints of excessive force, or complaints are repeatedly swept under the rug.  Parrish v. Luckie, 963 F.2d 201, 204-05 (8th Cir. 1992).  Indeed, while a single incident may not prove policy, a single incident can give rise to the inference that a policy exists, especially if several officers are involved.  Bordanardo v. McLeod, 871 F.2d 1151, 1156 (1st Cir. 1989).  In the case at bar, Defendants have been in repeated incidents of using excessive force in order to arrest individuals.  Accordingly, the use of such excessive force can be considered to constitute policy.

### IV.
### CONCLUSION

In conclusion, this Court should not decide Defendant's Motion for Summary Judgment until the completion of discovery.  Alternatively, if this Court should decide Defendant's motion at this time, even the limited evidence available to Plaintiffs' is sufficient to defeat Defendant's

Motion for summary Judgment, Therefore, this Court should either grant Plaintiffs' Motion to

Continue Summary Judgment Hearing or deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

LAW OFFICES OF CARLOS QUINTANA, P.C.
Neuhaus Tower, Suite 1302
200 S. 10th Street
McAllen, TX   78501
(956) 687-9729
(956) 687-9760 FAX

BY:_____
CARLOS QUINTANA
State Bar No:  16436345
Fed. I.D.# 11359

## CERTIFICATE OF SERVICE

I the undersigned representative for THE LAW OFFICES OF CARLOS QUINTANA, P.C. hereby certify that a true and correct copy of the foregoing pleading has been forwarded to the following counsel:

Mr. Ricardo J. Navarro
DENTON, MCKAMIE & NAVARRO
Bank of American Building
222 E. Van Buren, Suite 405
Harlingen, TX  78550

on this the ___13___ day of _____, 2000.

_____
CARLOS QUINTANA

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### McALLEN DIVISION

| | | |
|---|---|---|
| JOSE CUELLAR | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. **B-99-195** |
| | § | |
| THE CITY OF SANTA ROSA, and | § | |
| OFFICER JACOB L. BORJAS, | § | |
| INDIVIDUALLY and IN HIS OFFICIAL | § | |
| CAPACITY | § | |
| DEFENDANTS | § | **JURY TRIAL DEMANDED** |

# AFFIDAVIT IN SUPPORT OF
# PLAINTIFFS' RESPONSE TO DEFENDANT'S
# MOTION FOR SUMMARY JUDGEMENT

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | AFFIDAVIT |
| COUNTY OF HIDALGO | § | |

**BEFORE ME,** the undersigned authority personally appeared **CARLOS QUINTANA**, who after being duly sworn, deposed and stated as follows:

"My name is Carlos Quintana and I am over the age of 18 years. I am a licensed attorney to practice law in the State of Texas and have been so since 1989. I have never been convicted of a felony and I am fully competent to make this affidavit.

I am Attorney of record for Plaintiffs on this matter styled Jose Cuellar v. The City of Santa Rosa, et al; Civil Action No. B-99-195. The facts contained herein are of my own personal knowledge, true and correct.

In support of Plaintiff's Response to Defendant's Second Motion for Summary Judgment, I state the following:

1.      EXHIBIT "A", attached hereto, is a true and correct copy of

CMPDF - www.fesho.com

a photograph taken of Plaintiff the day after the incident made the basis of this lawsuit.

2.    EXHIBIT "B", attached hereto, is a true and correct copy of a photograph taken of plaintiff the day after the incident made the basis of this lawsuit.

3.    EXHIBIT "C", attached hereto, is a true and correct copy of a photograph taken of the truck Plaintiff was driving at the time of the incident made the basis of this lawsuit, and a copy of the front of Plaintiff's home, where the incident in question occurred

4.    EXHIBIT "D", attached hereto, are true and correct copies of some of Plaintiff's medical bills.

5.    EXHIBIT "E", attached hereto, is a true and correct copy of Carlos Quintana's affidavit.

6.    EXHIBIT "F", attached hereto, is a true and correct of Santos Perez' affidavit.

7.    EXHIBIT "G", attached hereto, is a true and correct copy of of Jesus Olivarez' affidavit.

8.    EXHIBIT "H", attached hereto, is a true and correct copy of Flor Estella Briones affidavit.

9.    EXHIBIT "I", attached hereto, is a true and correct copy of of Benita Ruiz' affidavit.

10.    EXHIBIT "J", attached hereto, is a true and correct copy of Esmeralda Ruiz' affidavit.

Further Affiant sayeth not."

CARLOS QUINTANA

**SWORN AND SUBSCRIBED TO**, before me by the said **CARLOS QUINTANA**, on this the ___ day of JUNE, 2000.

ELIZABETH GARZA
Notary Public
STATE OF TEXAS
My Comm. Exp. 01-03-2004

Notary Public, State of Texas

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### McALLEN DIVISION

| | | |
|---|---|---|
| JOSE CUELLAR | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. **B-99-195** |
| | § | |
| THE CITY OF SANTA ROSA, and | § | |
| OFFICER JACOB L. BORJAS, | § | |
| INDIVIDUALLY and IN HIS OFFICIAL | § | |
| CAPACITY | § | |
| DEFENDANTS | § | **JURY TRIAL DEMANDED** |

## ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

The Court, having reviewed Defendant's Motion for Summary Judgement, any response thereto, along with the pleadings of the parties, finds that Defendant's motion is not well taken; and accordingly, Denies said motion.

**IT IS ORDERED, ADJUDGED AND DECREED** that this Honorable Court **DENIES** Defendant's Motion for Summary Judgement.

SIGNED AND ENTERED on this ____day of _____, 2000, at Brownsville, Texas.

_____
**JUDGE PRESIDING**

cc:   Carlos Quintana, Neuhaus Tower, Suite 1302, Mcallen, TX 78501
      Ricardo Navarro, Bank of American Building, 222 E. Van Buren, Suite 405,
      Harlingen, TX 78550

Order Denying Defendants' Second Motion for Summary Judgment, p. 1