IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 9 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE CUELLAR | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-99-195 |
| | § | |
| THE CITY OF SANTA ROSA, and | § | |
| OFFICER JACOB L. BORJAS, | § | |
| INDIVIDUALLY and IN HIS OFFICIAL | § | |
| CAPACITY | § | |
| DEFENDANTS | § | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' FIRST SUPPLEMENT TO THEIR MOTION TO CONTINUE SUMMARY JUDMENT HEARING AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO STAY ALL DISCOVERY**

NOW COMES **JOSE CUELLAR, Plaintiff** in the above styled and numbered cause, and files this his **Plaintiffs' First Supplement to Their Motion to Continue Summary Judgment Hearing and Opposition to Defendant's Motion for Summary Judgment and to Stay All Discovery**, and would respectfully show unto the Court as follows:

I.

Plaintiff adopts and incorporates by reference as if fully described hereto all case law, exhibits, and factual statements previously referred to in Plaintiffs' Motion to Continue Summary Judgment Hearing and Opposition to Defendant's previously filed Motion for Summary Judgment and to Stay All Discovery.

## II.

Defendants filed its motion for summary judgment on May 24, 2000. One of the basis of their motion was that some "there is no evidence that Plaintiff was depreived of any constitutionally protected right as a result of a City of Santa Rosa, Texas official policy, practice or custom."

The United States Supreme Court concluded in <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed2d 611 (1978) "Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom 1983 applies. Local governing bodies, therefore, can be sued directly under 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other 1983 "person," by the terms of the statute, may be sued for contitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels. As Mr. Justice Harlan, writing for the Court, said in <u>Adickes v. S.H. Kress & Co.</u>, 398 U. S. 144, 167-168 (1970): "Congress included customs and usages [in 1983] because of the persistent and widespread discriminatory

practices of state officials... Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law."

In the case at bar, Plaintiff has provided evidence showing custom and practice by way of Benita Ruiz affidavit, previously submitted to this Court. In addition, Plaintiff attaches EXHIBIT "1", an affidavit from Eliseo Garza Robles, which will also show Defendant Borjas again using excessive force upon this individual. The attached affidavit relates of a third incident, including Plaintiffs, thus showing custom and practice. Furthermore, the attached affidavit of Eliseo Garza Robles also relates that at the time of his incident, Mayor Marroquin, was well aware of Defendant Borjas violent tendencies and the only thing he did was laugh them off.

It has always been the position of this Plaintiff that the conduct of Defendants did violate Plaintiff's constitutionally protected rights as a result of Defendant City of Santa Rosa's official policy, practice or custom as well as Defendant Borjas use of excessive force and as such Plaintiff should be entitled to recover for his damages.

WHEREFORE, PREMISES CONSIDERED, **JOSE CUELLAR, Plaintiff** in the above styled and numbered cause, and in the above styled and numbered cause, respectfully pray that Defendant's Motion for Summary Judgment be **DENIED**, and for all other and further relief, either at law or in equity, to which **PLAINTIFF** shows himself justly entitled.

Respectfully submitted,

LAW OFFICES OF CARLOS QUINTANA, P.C.
Neuhaus Tower, Suite 1302
200 S. 10th Street
McAllen, TX   78501
(956) 687-9729
(956) 687-9760 FAX

By: _____
CARLOS QUINTANA
State Bar No:      16436345
FED I.D. NO. 11359

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I the undersigned representative for THE LAW OFFICES OF CARLOS QUINTANA, P.C. hereby certify that a true and correct copy of the foregoing pleading has been forwarded to the following counsel:

Mr. Ricardo J. Navarro
DENTON, MCKAMIE & NAVARRO
Bank of American Building
222 E. Van Buren, Suite 405
Harlingen, TX  78550

on this the  27  day of _____, 2000.

_____
CARLOS  QUINTANA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| JOSE CUELLAR | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-99-195 |
| | § | |
| THE CITY OF SANTA ROSA, and | § | |
| OFFICER JACOB L. BORJAS, | § | |
| INDIVIDUALLY and IN HIS OFFICIAL | § | |
| CAPACITY | § | |
| DEFENDANTS | § | JURY TRIAL DEMANDED |

## AFFIDAVIT IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | AFFIDAVIT |
| COUNTY OF HIDALGO | § | |

    **BEFORE ME**, the undersigned authority personally appeared **CARLOS QUINTANA**, who after being duly sworn, deposed and stated as follows:

"My name is Carlos Quintana and I am over the age of 18 years. I am a licensed attorney to practice law in the State of Texas and have been so since 1989. I have never been convicted of a felony and I am fully competent to make this affidavit.

    I am Attorney of record for Plaintiffs on this matter styled <u>Jose Cuellar v. The City of Santa Rosa, et al</u>; Civil Action No. B-99-195. The facts contained herein are true and correct.

    In support of Plaintiff's Response to Defendant's Second Motion for Summary Judgment, I state the following:

    1.    EXHIBIT "1", attached hereto, is a true and correct copy of

Eliseo Garza Robles affidavit.

Further Affiant sayeth not."

_____
CARLOS QUINTANA

**SWORN AND SUBSCRIBED TO**, before me by the said **CARLOS QUINTANA**, on this the 21 day of JUNE, 2000.

_____
Notary Public, State of Texas

VERONICA PARTIDA
Notary Public,
State of Texas My
Comm. Exp. 9-30-2000

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| JOSE CUELLAR | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-99-195 |
| | § | |
| THE CITY OF SANTA ROSA, and | § | |
| OFFICER JACOB L. BORJAS, | § | |
| INDIVIDUALLY and IN HIS OFFICIAL | § | |
| CAPACITY | § | |
| DEFENDANTS | § | **JURY TRIAL DEMANDED** |

## ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

The Court, having reviewed Defendant's Motion for Summary Judgement, any response thereto, along with the pleadings of the parties, finds that Defendant's motion is not well taken; and accordingly, Denies said motion.

**IT IS ORDERED, ADJUDGED AND DECREED** that this Honorable Court **DENIES** Defendant's Motion for Summary Judgement.

SIGNED AND ENTERED on this ____ day of _____, 2000, at Brownsville, Texas.

_____
JUDGE PRESIDING

cc:   Carlos Quintana, Neuhaus Tower, Suite 1302, Mcallen, TX 78501
      Ricardo Navarro, Bank of American Building, 222 E. Van Buren, Suite 405, Harlingen, TX 78550

Order Denying Defendants' Second Motion for Summary Judgment, p. 1

# EXHIBIT "1"

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | **<u>AFFIDAVIT</u>** |
| COUNTY OF HIDALGO | § | |

BEFORE ME, the undersigned authority, personally appeared ELISEO GARZA ROBLES, a person known to me who first duly sworn upon his oath, did depose and say:

"My name is ELISEO GARZA ROBLES, I am over twenty years of age, have never been convicted of a crime involving moral turpitude, I am fully competent to make this affidavit and have personal knowledge of the matters set forth herein. Each of the facts as set forth herein are true and correct.

My name is Eliseo Garza Robles. I am 35 years of age. I am employed as a driver for Cano Produce in Harlingen, Texas. I am also a contract musician. I reside at 213 Jesus T. Avila, Santa Rosa, Texas.

On or about March, 1998 at around 3:00 a.m. I was on my way home from the Flamingo Ball Room in Combs, Texas, where our band had played that night. As I got into Santa Rosa I drove down to Jesus T. Avila Street that leads to my house. When I got to the intersection of Jesus T Avila and Highway 106 I noticed two Santa Rosa police units. One was traveling south and the other north. The two followed me down the street to my house. I noticed the over head lights of one police vehicle come on. The lights were turned on a very short distance from my house. I proceeded to the driveway to my house since it was three house down from where they turned the lights. I drove into my driveway. As soon as I parked, the officers came running to me with their guns drawn. Jacob Borjas grabbed me by my hair, called me a mother fucker and put his gun to my head and yanked me out of the car onto the ground. The other officers also had their guns to my head. They put me on the ground and one officer put his knee on the back of my neck the other on my back, forcing their weight on me. I kept asking why I was being arrested and Officer Jacob Borjas kept telling me to shut up. That I had no rights. Officer Jacob Borjas and the two other officers picked me up then took me out of the driveway onto the street where officer Jacob Borjas again threw me to the ground and placed his knee on the back of my neck. I asked over and over why I was being arrested and he continued to tell me to shut up. He kept insisting that I was drunk and I told him that the band and I were playing at the Flamingo ball room and that I didn't drink when I play. He said that my eyes were red and that I looked like I had been drinking. I told him my eyes were red from the smoke in the bar. The other officers were holding my hands behind my back when I felt a hit to the back of my head. It came from officer Jacob Borjas who had his knee on the back of my neck. The officers then arrested and handcuffed me and put me in a police unit. As I was in the police car I noticed that Officer Jacob Borjas got in my car and started it and backed it up into the street then put the keys on the seat as if he had stopped me outside my property. My car was left there and I was taken to the La Feria plice department jail where I was booked. When we were at the police station in La Feria I asked Jacob Borjas why I was stopped and arrested. He replied saying that at 3:00 a.m. in the morning they have the right to stop whom ever they want. He also said that it was my lucky day because he could have taken me to Brownsville, where it would have been

worse for me. I was charged with public intoxication. I told Borjas that I was willing to do a breathalyzer test. But he refused to give me one. I was released at around 6:00 p.m. The La Feria police department released me. I called my wife who was worried to come pick me up. Although I do not remember the names of the other officer, I am sure that their names are part of the arrest report that Officer Jacob Borjas made.

On one occasion, approximately one month before my arrest, I went to the ex-mayor's welding shop to have some steel welded for me. While I was there, I overheard Jacob Borjas tell the ex-Mayor Marroquin that he loved it when people avoided his stops and that he loved to chase people or do pursuits. He also said that he loved to take people out at gun point, his exact words being "A punto de pistola en la cabesa". The only thing the mayor did was laugh it off.

FURTHER AFFIANT SAYETH NOT."

_____
ELISEO GARZA ROBLES

SUBSCRIBED AND SWORN TO BEFORE ME, by the said **ELISEO GARZA ROBLES**, on this 20 day of June, 2000 to certify which witness my hand and official seal.

{SEAL}

_____
Notary Public in and for the
State of Texas

worse for me. I was charged with public intoxication. I told Borjas that I was willing to do a breathalyzer test. But he refused to give me one. I was released at around 6:00 p.m. The La Feria police department released me. I called my wife who was worried to come pick me up. Although I do not remember the names of the other officer, I am sure that their names are part of the arrest report that Officer Jacob Borjas made.

On one occasion, approximately one month before my arrest, I went to the ex-mayor's welding shop to have some steel welded for me. While I was there, I overheard Jacob Borjas tell the ex-Mayor Marroquin that he loved it when people avoided his stops and that he loved to chase people or do pursuits. He also said that he loved to take people out at gun point, his exact words being "A punto de pistola en la cabesa". The only thing the mayor did was laugh it off.

A friend of mine later told me that I should file a complaint against the officers, but I did not feel that anything would be done if I did, especially since the mayor himself was laughing at what Borjas had told him.

FURTHER AFFIANT SAYETH NOT."

_____
ELISEO GARZA ROBLES

SUBSCRIBED AND SWORN TO BEFORE ME, by the said **ELISEO GARZA ROBLES**, on this 20· day of June, 2000 to certify which witness my hand and official seal.

{SEAL}        _____
              Notary Public in and for the
              State of Texas