IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 3 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FLOR ESTELLA BRIONES, Individually § | |
| and As Representative of the Estate of § | |
| JOSE CUELLAR and As Next Friend of § | |
| JOSE D. CUELLAR, JR., and JUANITA § | |
| CUELLAR, Minors § | |
| PLAINTIFF § | |
| § | |
| VS. § | CIVIL ACTION NO. B-99-195 |
| § | |
| THE CITY OF SANTA ROSA, and § | |
| OFFICER JACOB L. BORJAS, § | |
| INDIVIDUALLY and IN HIS OFFICIAL § | |
| CAPACITY § | |
| DEFENDANTS § | **JURY TRIAL DEMANDED** |

# FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FLOR ESTELLA BRIONES, Individually and As Representative of the Estate of JOSE CUELLAR and As Next Friend of JOSE D. CUELLAR, JR., and JUANITA CUELLAR, Plaintiff herein and file this their FIRST AMENDED COMPLAINT against THE CITY OF SANTA ROSA, and OFFICER JACOB L. BORJAS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, and respectfully shows the following:

## I. PARTIES

Plaintiffs, is an individual residing in Cameron County, Texas.

Defendant, **THE CITY OF SANTA ROSA** is a governmental entity who has made an appearance. Thus, no service is necessary.

Defendant, **JACOB L. BORJAS,** is sued in his individual and Official Capacity. He is an individual who is or was a police officer with the City of Santa Rosa at the time of the incident made the basis of this lawsuit, and who is believed resides in Hidalgo County, Texas. He has made an appearance, thus, no service of ciation is necessary at this time.

## II. VENUE

Venue is proper in that this incident happened in part in Santa Rosa, Hidalgo County, Texas.

## III. JURISDICTION

This Court has jurisdiction over this matter in accordance with 42 USC §1983.

## IV. STATEMENT OF FACTS

On or about December 10, 1997, sometime between 10:00 and 10:30 at night, Plaintiffs was returning home from a local bar. In fact, Plaintiff had arrived at his home and was sitting in his truck listening to the radio, when Officer BORJAS suddenly approached him.

Officer BORJAS then proceeded to drag Plaintiff out of his vehicle. Plaintiff did not know what was occurring and why Officer BORJAS was dragging him out of his vehicle. Plaintiff was known at the police department, because of different carpentry

jobs he had done at the police department members of the police department knew he was not violent.

Officer BORJAS began to struggle with Plaintiff to the point where the officer struck Plaintiff on the face with some type of blunt object. Due to the force of the impact against Plaintiff face, he became disoriented.

At that point, a second police officer arrived, they slammed plaintiff on the ground and in their attempt to handcuff Plaintiff they placed their knees on Plaintiff's back causing him severe injuries. In addition, Plaintiff began to bleed profusely from the wounds in his mouth, face and eyes.

Shortly thereafter, Plaintiff was transported to Valley Baptist Medical Center in Harlingen, Texas. Upon examination, it was revealed that Plaintiff had nasal bone fractures.

As a result of Defendant's conduct, Plaintiff suffered permanent injuries. Specifically, due to the force used by Defendants all Plaintiffs incurred medical expenses in excess of $3,500.00. Following this severe beating, Defendants filed criminal charges against plaintiff for resisting arrest. As a result, Plaintiff incurred approximately $3,000.00 in attorney's fees in connection with the defense of those charges.

## V. CAUSES OF ACTION

### AS TO THE CITY OF SANTA ROSA

Plaintiffs civil rights have been violated by Defendant CITY OF SANTA ROSA

in that they allowed Defendant Officer BORJAS to use excessive force in his attempts to arrest Plaintiffs. The violation of such rights is actionable under 42 USC §1983.

Defendant THE CITY OF SANTA ROSA is liable for the conduct of the other Defendant for the following reasons:

    a.    failure to institute or correct training programs or retraining programs;

    b.    failure to adequately investigate and review complaints of excessive force made against The City of Santa Rosa;

    c.    failure to discipline, retrain, or otherwise officially react when officers of The Santa Rosa police department who are involved in the use of excess force, causing and encouraging officers to use excessive force without fear of reprobation;

    d.    failure to train Santa Rosa police department officers not to judge individuals by their appearance and/or demeanor alone;

    e.    improperly exonerating Santa Rosa police department officers involved in the use of excessive force;

    f.    failure to adequately train officers concerning determination of probable cause, and the use of force;

    g.    improperly focusing resources at complainants and witnesses of excessive force, rather than gathering and preserving facts and evidence relevant to reported incidents, and exploring the need for new policies, procedures, and retaining; and

    h.    tolerating a pattern and practice of criminal activities by county officials which encouraged illegal conduct and "Rambo" behavior by Santa Rosa Police Department officers.

## VI. CAUSES OF ACTION

### AS TO OFFICER JACOB L. BORJAS

Plaintiffs civil rights have been violated by Defendant JACOB L. BORJAS in that

Officer BORJAS used excessive force in his attempts to arrest Plaintiff. The violation of such rights is actionable under 42 USC §1983.

Defendant JACOB L. BORJAS is liable for his conduct for the following reasons:

    a.    Borjas is individually liable for assault;

    b.    the arrest was made without probable cause and excessive force was used by Borjas

    c.    because the violation of constitutional rights was the custom and practice of Defendant Borjas;

## VII. DAMAGES

Due to the excessive force used by Defendants, Plaintiff incurred medical expenses in excess of $3,500.00 and to this day continues to incur medical bills. Specifically, on the night of the incident, Valley Baptist hospital determined that Plaintiff had suffered a large left malar hematoma, and a displaced comminuted fracture nasal bone. In addition, as a result of this incident Plaintiff has lost his vision to the left eye, leaving him "statutorily blind". He also has problems with the hearing on his left ear, and has constant headaches. Plaintiff has been declared disabled, as a result of the injuries he suffered in this incident.

Furthermore, Plaintiff has incurred attorney's fees in connection with the defense of the charges filed against him by Defendant in excess of $3,000.00. Plaintiff has suffered physical pain and suffering and mental anguish.

Plaintiff is also entitled to reasonable attorney's fees pursuant to 42 USC §1988.

Plaintiff is also entitled to punitive damages against the individual Defendants.

Plaintiff is entitled to pre-judgement and post-judgement interest at the maximum rate as provided by law.

## VIII. AFFIRMATIVE PLEAS

Plaintiff demands a trial by jury.

The individual Defendants are not entitled to qualified immunity, because Plaintiffs' rights to be free from excessive force is well established.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that Defendants be cited and appear herein, and that Defendants be held jointly and severally liable for actual damages, that the individual Defendants be found liable for punitive damages, for pre-judgment and post-judgment interest at the maximum rate as provided by law, for costs of court and for all other and further relief Plaintiffs shows himself justly entitled.

Respectfully submitted,

LAW OFFICE OF CARLOS QUINTANA, P.C.
Neuhaus Tower, Suite 1302
200 South 10th Street
McAllen, TX 78501
(956) 687-9729
(956) 687-9760 FAX

_____
CARLOS QUINTANA
State Bar No. 16436345
Federal I.D.: 11359

## CERTIFICATE OF SERVICE

    I Carlos Quintana as representative of THE LAW OFFICES OF CARLOS QUINTANA, P.C. hereby certify that a true and correct copy of the foregoing pleading has been forwarded to the following:

Mr. Ricardo J. Navarro
DENTON, MCKAMIE & NAVARRO
222 E. Van Buren, Suite 405
Harlingen, Texas 78550

on this the _29_ day of _June_, 2000.

_____
CARLOS QUINTANA