UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 9 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE CUELLAR | § | |
| | § | |
| VS. | § | CAUSE NO. B-99-195 |
| | § | |
| THE CITY OF SANTA ROSA, | § | |
| AND OFFICER JACOB L. BORJAS, | § | |
| INDIVIDUALLY AND IN HIS | § | |
| OFFICIAL CAPACITY | § | |

**DEFENDANT CITY OF SANTA ROSA'S OBJECTIONS TO & MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT PROOF**

May It Please the Court:

NOW COMES the CITY OF SANTA ROSA and JACOB BORJAS, Individually and Officially, (hereafter "CITY DEFENDANTS") and file this Motion to Strike certain summary judgment evidence contained in Plaintiff's responsive filings to the CITY DEFENDANTS' Motion To Dismiss or For Summary Judgment.

**SUMMARY OF ARGUMENT**

CITY DEFENDANTS object to the Court's consideration of certain portions of Plaintiff's summary judgment evidence, filed in response to the dispositive motion filed by the CITY DEFENDANTS. Such evidence, as more specifically outlined below, does not satisfy the requirements of the Rules of Civil Procedure or of the Federal Rules of Evidence and is, therefore, objectionable. Consequently, such evidence should be stricken and ignored by the Court in evaluating the dispositive motion before the Court.

City Defendant's Motion To Strike
Plaintiff's Summary Judgment Evidence                                                Page 1

Further, the affidavit evidence of Attorney Quintana relating to the referral of this case to mediation is also objectionable as not only being irrelevant to the merits of the issues presented in the lawsuit, but because it violates the confidentiality protections afforded the mediation process under law.

## PROCEDURAL HISTORY

THE CITY OF SANTA ROSA DEFENDANTS filed its Motion to Dismiss or for Summary Judgment (hereafter "dispositive motion") on or about May 25, 2000. It asserts, among other things, BORJAS' entitlement to qualified immunity.

Plaintiff filed his Motion to Continue Summary Judgment Hearing and Opposition to Defendant's Motion for Summary Judgment and to Stay All Discovery (hereafter "Response Brief") on June 13, 2000. Although Plaintiff asked the Court to continue the summary judgment hearing, Plaintiff nonetheless also files summary judgment exhibits that presumably are intended to be responsive to the merits of the dispositive motion filed by the CITY DEFENDANTS.

Plaintiff further filed his First Supplement to Motion to Continue Summary Judgment Hearing and Opposition to Defendant's Motion for Summary Judgment and to Stay Discovery (hereafter "Supplemental Brief") on or about June 29, 2000. Again, even though Plaintiff asks for a continuance of the hearing, Plaintiff nevertheless attaches additional and further summary judgment proof responsive to the CITY DEFENDANTS' dispositive motion.

### Status of Discovery

The Court should further be apprized that since the filing of the initial dispositive motion, the parties have, by agreement, been engaged in deposition discovery. Plaintiff has been allowed to depose DEFENDANT JACOB BORJAS, and the CITY DEFENDANTS have deposed various alleged witnesses to the incident. Consequently, the parties have had access to deposition discovery and dispositive matters are ripe, or soon will be ripe, for a ruling on their merits by the Court.

In this regard, based on matters adduced during deposition discovery, CITY DEFENDANTS hereby file this motion to strike certain portions of Plaintiff's summary judgment proof, as more specifically outlined below.

### LEGAL ARGUMENT & ANALYSIS

1. **Paragraphs A, B, & C of Attorney Quintana's Affidavit and Exhibits A, B, & C (Photographs) Should Be Stricken by this Court Because Quintana Does Not Have the Requisite Personal Knowledge to Properly Authenticate the Attached Photographs in Accordance with F.R.C.P. 56(e) and F.R.E. 602.**

Through affidavit testimony, Plaintiff's counsel, Carlos Quintana, purports to authenticate what he claims is a photograph of Plaintiff the day after the alleged incident made the basis of this lawsuit occurred. See Quintana Affidavit, attached as exhibit to Plaintiff's Motion to Continue An In Opposition (hereafter "Quintana Affidavit"). In doing so, Attorney Quintana implies that

he has the requisite "personal knowledge" to support the above-referenced statement and the facts, as he stated them, were "true and correct."

Under Rule 56 (e) "supporting and opposing affidavits shall be made on **personal knowledge**, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to matters stated therein. Caselaw is clear in that the "personal knowledge" requirement precludes affidavits based on information and belief. See *United States vs. Crispen*, 622 F. Supp. 75, 80-81 (N.D. Ill. 1985). Moreover, extrinsic evidence may be used to establish an affiant's lack of personal knowledge. *See Flair Broadcasting Corp. v. Powers*, 733 F.Supp. 179, 182-83 (S.D.N.Y. 1990) (striking affidavit because affiant's deposition established lack of personal knowledge).

The voir dire deposition testimony of Attorney Quintana, establishes that he lacks the requisite personal knowledge for the basis of his testimony. See Attorney Quintana's Deposition, attached at Exhibit A at pp. 4-5, 6.

Therefore, it is clear that Attorney Quintana's affidavit testimony is nothing more than inadmissable hearsay testimony. Consequently, there is no way to know from the record when the photographs were taken, whether the injuries relate to the incident made the basis of this lawsuit or some other incident. More importantly, it provides no information on the events leading to

the stop or the necessity of the arrest. Due Process requires, at minimum, reliable summary judgment proof that satisfies the requisite evidentiary standards of reliability and proof.

This, the affidavit of Attorney Quintana and the attached photographs do not do. Therefore, the pertinent testimony of Attorney Quintana, and the attached exhibits labeled as A, B, & C should be stricken. Further, they should not be considered in reference to whether Plaintiff has created a material issue of fact, particularly with regard to DEFENDANT BORJAS assertion of qualified immunity.

2.  **The Affidavit of Attorney Quintana Attached As Exhibit "E" Should Be Should Be Stricken As Not Only Irrelevant to the Merits of the Case, But Also Because It Violates The Confidentiality Afforded the Mediation Process Afforded by Law.**

The affidavit of Attorney Quintana attached as Exhibit "E" to the Plaintiff's motion to continue and in opposition does not, on its face, contain any factual information related to the merits of the underlying claims in this litigation. Consequently, it is completely irrelevant to the issues presented and should, therefore, be stricken as such.

Further, the affidavit discusses Attorney Quintana's own commentary on the mediation process, who together with the mediator in this cause, apparently have no regard for the confidentiality protections afforded the mediation process. CITY DEFENDANTS have already briefed this issue in their motion to strike the mediator's

report, previously filed with the Court on June 6, 2000. The substance and contents of the motion apply with equal force to the affidavit of Attorney Quintana labeled as Exhibit "E" and are therefore hereby incorporated by reference into this motion.

Consequently, the affidavit of Attorney Quintana should also be stricken and rendered of no force or effect in connection with the dispositive issues presented to the Court.

**3. Plaintiff Has Not Produced Sufficient Evidence to Overcome Borjas' Entitlement to Qualified Immunity.**

Because of the inadequacy of the summary judgment proof presented by Plaintiff, even after defense counsel agreed to go forward with discovery, Plaintiff is unable to provide sufficient competent summary judgement evidence to overcome DEFENDANT BORJAS' entitlement to qualified immunity. The proofs proof provided by Plaintiff's counsel are insufficient as a matter of law to create a fact issue on the matter of qualified immunity. Therefore, in connection with the dispositive motion filed by the CITY DEFENDANTS, as well as assertion of qualified immunity by DEFENDANT BORJAS, the Court should find for BORJAS based on his entitlement to qualified immunity.

## CONCLUSION & PRAYER

THEREFORE, based on the foregoing reasons, CITY DEFENDANTS request that the Court strike Plaintiff's Exhibits "A" and "B" and "C." attached to Plaintiff's motion for continuance and opposition.

CITY DEFENDANTS further request and reargue the relief sought in their dispositive motion previously filed, namely that DEFENDANT BORJAS be granted his qualified immunity and that Plaintiff's lawsuit be dismissed in its entirety.

Finally, CITY DEFENDANTS request that the Court grant any such further relief, at law or in equity, to which they be entitled.

SIGNED this 19th day of July, 2000.

Respectfully submitted,

**DENTON, McKAMIE & NAVARRO**
a Professional Corporation
Bank of America Building
222 E. Van Buren, Ste. 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Facsimile)

By: _/s/ Ricardo J. Navarro_
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774
ATTORNEY FOR CITY DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been sent by Certified Mail/Return Receipt Requested unless otherwise indicated, to the person(s) listed below on this 19th day of July, 2000.

Mr. Carlos Quintana
LAW OFFICES OF CARLOS QUINTANA
1302 Neuhaus Tower
McAllen, Texas 78501

**By CMRRR No. Z 233 797 764**

*Ricardo J. Navarro*
RICARDO J. NAVARRO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

FLOR ESTELLA BRIONES,        )(
INDIVIDUALLY AND AS          )(
REPRESENTATIVE OF THE        )(
ESTATE OF JOSE CUELLAR,      )(
    Plaintiff            )(
                             )(    C.A. NO. B-99-195
VS.                          )(
                             )(
THE CITY OF SANTA ROSA,      )(
ET AL.,                      )(
    Defendants           )(

---

ORAL DEPOSITION OF CARLOS QUINTANA
JULY 10, 2000

---

REPORTED BY CORINNA N. GARCIA
CERTIFIED COURT REPORTER

APPEARANCES

COUNSEL FOR CARLOS QUINTANA:

  KEITH LIVESAY
  LAW OFFICE OF KEITH LIVESAY
  1050 North Sugar Road, Suite 200
  Pharr, Texas  78577

COUNSEL FOR DEFENDANTS:

  MAURO F. RUIZ
  DENTON, MCKAMIE & NAVARRO, P.C.
  Bank of America Building
  222 East Van Buren, Suite 405
  Harlingen, Texas  78550

ALSO PRESENT:

  Jacob L. Borjas



BRYANT & STINGLEY, INC.
McAllen          Harlingen          Brownsville
(956)618-2366    (956)428-0755      (956)542-1020


EXHIBIT "A"

Oral deposition of CARLOS QUINTANA, who resides in Hidalgo County, Texas, taken by Mauro F. Ruiz, Attorney for Defendants The City of Santa Rosa, et al., reported by CORINNA N. GARCIA, Certified Court Reporter in and for the State of Texas, on JULY 10, 2000, between the hours of 4:16 p.m. and 4:21 p.m. in the offices of Bryant & Stingley Court Reporters, 2010 East Harrison, Harlingen, Texas.

## INDEX

| | PAGE |
|---|---|
| Appearances | 1 |
| Examination by | |
|     Mr. Ruiz | 3 |
| Errata Sheet/Signature Page | 9 |
| Reporter's Certificate | 10 |

Attached to the end of the transcript: Stipulations

## EXHIBITS

| NUMBER | DESCRIPTION | PAGE IDEN. |
|---|---|---|
| 1 | Affidavit in Support of Plaintiff's Response to Defendant's Motion for Summary Judgement | 3 |
| 2 | Exhibit "A," Photograph | 3 |
| 3 | Exhibit "B," Photograph | 5 |
| 4 | Exhibit "C," Photograph | 6 |

BRYANT & STINGLEY, INC.
McAllen      Harlingen      Brownsville
(956)618-2366    (956)428-0755    (956)542-1020

```
1              CARLOS QUINTANA,
2  having been duly sworn, testified as follows:
3                  EXAMINATION
4  BY MR. RUIZ:
16:16  5      Q.  Good afternoon, Mr. Quintana.  I would like to
16:16  6  ask you some questions regarding an affidavit which you
16:16  7  submitted to the defendants' response for motion for
16:16  8  summary judgment.  Your affidavit is entitled
16:16  9  "Affidavit in Support of Plaintiff's Response to
16:16 10  Defendants' Motion for Summary Judgment."  Are you
16:16 11  familiar with this affidavit?
16:16 12      A.  Yes.
16:16 13      Q.  Okay.
16:16 14          MR. RUIZ:  I'd like to introduce this as
16:16 15  Quintana Exhibit No. 1, please.
16:16 16      Q.  According to this affidavit, Mr. Quintana, you
16:16 17  have -- you have personal knowledge that the attached
16:17 18  exhibits to it are true and correct.
16:17 19      A.  Copies.
16:17 20      Q.  Yes, the attached copies, that's correct.  Some
16:17 21  which include some photographs?
16:17 22      A.  Correct.
16:17 23      Q.  Okay.  As part of one of your exhibits -- as a
16:17 24  part of Exhibit A, according to your affidavit -- and I
16:17 25  have another copy if you'd like to review that
```

| | | |
|---|---|---|
| 16:17 | 1 | one. |
| 16:17 | 2 | MR. RUIZ: Would you mind just looking at |
| 16:17 | 3 | this? |
| 16:17 | 4 | THE WITNESS: Yes, that's fine. |
| 16:17 | 5 | Q. According to your affidavit, "Exhibit A is a |
| 16:17 | 6 | true and correct copy of a photograph taken of |
| 16:17 | 7 | Plaintiff the day after the incident made the basis of |
| 16:17 | 8 | this lawsuit." That would be this photograph with its |
| 16:17 | 9 | attached cover sheet. Is that the exhibit that you are |
| 16:17 | 10 | authenticating by this affidavit? |
| 16:17 | 11 | A. If that's what it is, yes. |
| 16:17 | 12 | Q. Okay. Now, do you have -- did you see this |
| 16:18 | 13 | individual the day after the incident made the basis of |
| 16:18 | 14 | this lawsuit? |
| 16:18 | 15 | A. No. |
| 16:18 | 16 | Q. Okay. Did you take this picture? |
| 16:18 | 17 | A. No. |
| 16:18 | 18 | Q. Did you meet with the individual the day after |
| 16:18 | 19 | this incident? |
| 16:18 | 20 | A. No. |
| 16:18 | 21 | Q. Can you confirm that this is Jose Cuellar the |
| 16:18 | 22 | day after the incident made the basis of this lawsuit? |
| 16:18 | 23 | A. I can confirm that that's him, yes. |
| 16:18 | 24 | Q. Okay. Have you met him? |
| 16:18 | 25 | A. Sure. |

| | | |
|---|---|---|
| 16:18 | 1 | Q. Okay. But you don't know whether that's what |
| 16:18 | 2 | he looked like the day after the alleged incident, |
| 16:18 | 3 | correct? |
| 16:18 | 4 | A. What I'm telling you is that that's a copy of |
| 16:18 | 5 | the photograph as it was given to me. |
| 16:18 | 6 | Q. That was given to you? |
| 16:18 | 7 | A. Uh-huh. |
| 16:18 | 8 | Q. Which you did not take? |
| 16:18 | 9 | A. Correct. |
| 16:18 | 10 | Q. Okay. Also, attached to your affidavit is |
| 16:18 | 11 | Exhibit B, wherein you state that this is another |
| 16:19 | 12 | photograph taken of the Plaintiff the day after the |
| 16:19 | 13 | incident made the basis of this lawsuit. Is that what |
| 16:19 | 14 | you're trying to authenticate as well? |
| 16:19 | 15 | A. Correct, a copy of it. |
| 16:19 | 16 | Q. Did you take the photograph? Did you take this |
| 16:19 | 17 | photograph? |
| 16:19 | 18 | A. I have the same response as in A. |
| 16:19 | 19 | Q. Okay. Would you kindly just allow me to go |
| 16:19 | 20 | through it, and it would be a lot faster, and we can |
| 16:19 | 21 | get on with it. Did you take this photograph, sir? |
| 16:19 | 22 | A. Did I what? |
| 16:19 | 23 | Q. Did you take this photograph? |
| 16:19 | 24 | A. No. |
| 16:19 | 25 | Q. Were you there when this photograph was taken? |

| | | |
|---|---|---|
| 16:19 | 1 | A. That's not what I'm saying here. |
| 16:19 | 2 | Q. But you did not take the photograph? |
| 16:19 | 3 | A. No. |
| 16:19 | 4 | Q. And you never saw Mr. Cuellar look like that? |
| 16:19 | 5 | A. No. |
| 16:19 | 6 | Q. Correct? |
| 16:19 | 7 | A. No. |
| 16:19 | 8 | Q. Does that mean -- I guess that's a correct |
| 16:19 | 9 | statement? |
| 16:19 | 10 | A. That's a correct statement there. |
| 16:19 | 11 | Q. Okay. And so you have no personal knowledge as |
| 16:19 | 12 | to whether this is what Jose Cuellar looked like the |
| 16:20 | 13 | day after? |
| 16:20 | 14 | A. I'll just let the picture speak for itself. |
| 16:20 | 15 | Q. Okay. So you have no personal knowledge if |
| 16:20 | 16 | this is the way he looked like -- |
| 16:20 | 17 | A. No. |
| 16:20 | 18 | Q. -- the day after the incident? |
| 16:20 | 19 | A. Correct. |
| 16:20 | 20 | Q. Thank you. Finally, attached as Exhibit C, |
| 16:20 | 21 | which you also authenticate -- attempt to authenticate |
| 16:20 | 22 | in this affidavit -- and this exhibit has two |
| 16:20 | 23 | photographs. According to your affidavit, this is a |
| 16:20 | 24 | photograph taken of the truck -- the truck the |
| 16:20 | 25 | Plaintiff was driving at the time of the incident. Do |

| | | |
|---|---|---|
| 16:20 | 1 | you know for a fact whether Jose Cuellar was driving |
| 16:20 | 2 | this truck on December 10th, 1997? |
| 16:20 | 3 | A. Well, in order to answer that question, I'd |
| 16:20 | 4 | have to get into client -- attorney/client privilege. |
| 16:20 | 5 | Q. Okay. Did you take this photograph? |
| 16:20 | 6 | A. My investigator did. |
| 16:20 | 7 | Q. Okay. But you did not? |
| 16:20 | 8 | A. I did not. I was present when it was taken, |
| 16:21 | 9 | yes. |
| 16:21 | 10 | Q. Okay. And did you take this photograph down |
| 16:21 | 11 | here? |
| 16:21 | 12 | A. My investigator did, but I was present when it |
| 16:21 | 13 | was taken. |
| 16:21 | 14 | Q. Okay. So, to the best of your knowledge, that |
| 16:21 | 15 | is a copy of a photograph of the front of Plaintiff's |
| 16:21 | 16 | home where the alleged incident occurred? |
| 16:21 | 17 | A. Correct, sir. |
| 16:21 | 18 | Q. Correct? |
| 16:21 | 19 | A. Uh-huh. |
| 16:21 | 20 | Q. And that is a copy of a photograph of the |
| 16:21 | 21 | alleged -- I guess one of -- which truck? Is that the |
| 16:21 | 22 | white truck? |
| 16:21 | 23 | A. Correct. |
| 16:21 | 24 | Q. And somewhere -- which you claim belonged to |
| 16:21 | 25 | the Plaintiff? |

| | | |
|---|---|---|
| 16:21 | 1 | A. Correct. |
| 16:21 | 2 | Q. Is that correct? |
| 16:21 | 3 | A. Correct. |
| 16:21 | 4 | MR. RUIZ: Mark this as Exhibit No. 4. |
| 16:21 | 5 | And I have no further -- I have no further questions. |
| 16:21 | 6 | Pass the witness. Thank you. |
| | 7 | (Deposition concluded) |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| FLOR ESTELLA BRIONES, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE CUELLAR, Plaintiff | )( )( )( )( )( )( |
| VS. | )( )( C.A. NO. B-99-195 |
| THE CITY OF SANTA ROSA, ET AL., Defendants | )( )( )( |

REPORTER'S CERTIFICATION
DEPOSITION OF CARLOS QUINTANA
JULY 10, 2000

I, CORINNA N. GARCIA, Certified Court Reporter in and for the State of Texas, hereby certify that the witness, CARLOS QUINTANA, was duly sworn by me, and that the transcript of the oral deposition is a true and correct record of the testimony given by the witness; that the deposition was reported by me in stenograph and was subsequently transcribed under my supervision.

I FURTHER CERTIFY that I am not a relative, employee, attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, nor am I financially or otherwise interested in the outcome of the action.

WITNESS MY HAND on this 14th day of July, 2000.

CORINNA N. GARCIA, Texas CSR 5210
Expiration Date: 12-31-01
Bryant & Stingley, Inc.
2010 East Harrison
Harlingen, Texas  78550

BRYANT & STINGLEY, INC.
McAllen           Harlingen          Brownsville
(956)618-2366  (956)428-0755  (956)542-1020