31

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 14 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| FLOR ESTELLA BRIONES, Individually and As Representative of the Estate of JOSE CUELLAR and As Next Friend of JOSE D. CUELLAR, JR., and JUANITA CUELLAR, minors, | § § § § § | |
| | § | CIVIL ACTION NO. B-99-195 |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| THE CITY OF SANTA ROSA, and OFFICER JACOB L. BORJAS, Individually and In His Individual Capacity, | § § § § § | |
| Defendants. | § § | |

## ORDER

BE IT REMEMBERED that on November 14, 2000, the Court considered:

| | |
|---|---|
| Dkt. No. 10 | Defendants' Motion to Dismiss or for Summary Disposition and to Stay All Discovery; |
| Dkt. No. 12 | Defendants' Motion to Strike Mediator's Report; |
| Dkt. No. 13 | Plaintiffs' Motion to Continue Summary Judgment Hearing and Opposition to Defendants' Motion for Summary Judgment and to Stay All Discovery; |
| Dkt. No. 14 | Plaintiffs' Suggestion of Death and Motion for Substitution; |
| Dkt. No. 15 | Plaintiffs' First Supplement to Their Motion to Continue Summary Judgment Hearing and Opposition to Defendants' Motion for Summary Judgment and to Stay All Discovery; |
| Dkt. No. 20 | Defendants' Objections and Motion to Strike Plaintiffs' Summary Judgment Proof; |
| Dkt. No. 22 | Defendants' Objections and Motion to Strike Eliseo Garza Robles' |

|  |  |
|---|---|
|  | Testimony as Plaintiffs' Summary Judgment Proof; |
| Dkt. No. 27 | Joint Motion to Extend Time to File Joint Pre-Trial Order; and |
| Dkt. No. 28 | Defendants' First Amended Motion to Strike Eliseo Garza Robles' Testimony as Plaintiffs' Summary Judgment Proof. |

The Court ruled as follows:

1. Defendant Jacob Borjas' Motion to Dismiss or for Summary Disposition [Dkt. No. 10] is **DENIED**. The test for qualified immunity in the context of excessive force is whether there was (1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable. Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999). A defendant's claim to summary judgment on the qualified immunity issue may be rejected if divergent versions of what happened have been offered by the parties. See id. at 739; Lemoine v. New Horizons Ranch and Center, Inc., 174 F.3d 629, 633 (5th Cir. 1999). The affidavits of Plaintiffs' witnesses Santos Perez [Dkt. No. 13, Exh. F] and Jesus Olivarez [Dkt. No. 13, Exh. G], and the affidavit of Defendant Borjas [Dkt. No. 10, Exh. A] recount divergent versions that create genuine issues of material fact as to whether Borjas used excessive force.

2. Defendant City of Santa Rosa's Motion to Dismiss or for Summary Disposition [Dkt. No. 10] is **GRANTED**. To state a 42 U.S.C. § 1983 civil rights claim against a city, a plaintiff must demonstrate that a deprivation of a constitutional right was caused by an official policy, practice or custom of the city. See Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997); Macias v. Raul A. (Unknown), Badge No. 153 and Richard Gleinser, Captain, 23 F.3d 94, 99 (5th Cir. 1994), citing Colle v. Brazos County, 981 F.2d 237, 244 (5th Cir.1993). Liability can be premised on a persistent, widespread practice of officials or employees which is not officially adopted, but is so common that actual or constructive knowledge can be attributed to a final policymaker. See

2

<u>Esteves v. Brock</u>, 106 F.3d 674, 677 (5th Cir. 1997). Plaintiffs do not rely on any express policy, but assert that the Santa Rosa police department had a policy of inadequately training and supervising its employees, and a policy of using excessive force to effectuate arrests or dealing with citizens. [Dkt. No. 13]. The sole assertions Plaintiffs use to evidence these policies are two incidents involving Eliseo Garza Robles and Benita Ruiz. However, the incident involving Eliseo Garza Robles cannot be considered for the reasons set forth in ¶ 6 of this Order. The remaining incident involving Benita Ruiz [Dkt. No. 13, Exh. I] fails to demonstrate a "persistent, widespread practice" of the City of tolerating the use of excessive force. In addition, Plaintiffs fail to present evidence showing how these alleged policies became deliberate and conscious choices adopted by the City such that it can be charged with knowledge or condonation of acts of alleged excessive force.

3. Defendants' Motion to Strike Mediator's Report [Dkt. No. 12] is **GRANTED** as to those portions in the Report of Mediation [Dkt. No. 11] relating confidential communications made by participants or negotiations that occurred during the proceeding in violation of Local Rule 16.4.I. The Defendants' Motion to Strike Mediator's Report [Dkt. No. 12] is **DENIED** as to information that was properly disclosed pursuant to Local Rule 16.4.K(1) and (2), such as the party representatives in attendance and whether the case settled.

4. Plaintiffs' Suggestion of Death and Motion for Substitution [Dkt. No. 14] is **GRANTED**.

5. Defendants' Objections and Motion to Strike Plaintiff's Summary Judgment Proof [Dkt. No. 20] is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** in that the photographs of the deceased and his vehicle attached to Plaintiff's Motion to Continue Summary Judgment Hearing and Opposition to Defendants' Motion for Summary Judgment and to Stay All Discovery [Dkt. No. 13, Exhs. A, B & C] are improperly authenticated. These photographs are **STRICKEN**; however, Plaintiffs are **GRANTED** leave to re-file these exhibits with

proper authentication pursuant to the Federal Rules of Civil Procedure by November 20, 2000 at 9:00 a.m. Since Quintana's affidavit [Dkt. No. 13, Exh. E] is submitted in support of Plaintiff's Opposition to Defendants' Motion to Stay All Discovery [Dkt. No. 13], rather than as summary judgment proof, Defendants' Motion to Strike the affidavit is **DENIED**.

6. Defendants' Objections and Motion to Strike Eliseo Garza Robles' Testimony as Plaintiff's Summary Judgment Proof [Dkt. No. 22] and First Amended Motion to Strike Eliseo Garza Robles' Testimony as Plaintiff's Summary Judgment Proof [Dkt. No. 28] are **GRANTED**. Garza Robles testified in his deposition that he had no personal knowledge that he knew the identity of the officer whom he overheard at Marroquin's welding shop, other than the fact that Marroquin told him it was Borjas. Moreover, Garza Robles testified that he was uncertain Borjas was present during his alleged unlawful arrest.

7. The Parties' Joint Motion to Extend Time to File Joint Pre-Trial Order [Dkt. No. 27] is **MOOT**, as this matter has been re-scheduled for Docket Call on December 6, 2000, and jury selection on December 7, 2000. The Parties are **ORDERED** to submit a Joint Pre-Trial Order by November 20, 2000 at 9:00 a.m.

8. Defendants' Motion to Stay All Discovery [Dkt. No. 10] is **MOOT**, as the Parties have been engaging in discovery (See Dkt. No. 28).

9. Plaintiffs' Motion to Continue Summary Judgment Hearing [Dkt. No. 13] and Plaintiffs' First Supplement to Their Motion to Continue Summary Judgment [Dkt. No. 15] are **DENIED**. Plaintiffs requested that Defendants' Motion for Summary Judgment [Dkt. No. 10] be continued because discovery had not yet begun. However, as indicated in ¶ 8, the Parties have been engaging in discovery since

5

the filing of these motions, and, thus, obviates the need for continuance.

DONE at Brownsville, Texas, this 14th day of November 2000.

_____
Hilda G. Tagle
United States District Judge

5