IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FLOR ESTELLA BRIONES, Individually and As Representative of the Estate of JOSE CUELLAR and As Next Friend of JOSE D. CUELLAR, JR., and JUANITA CUELLAR, Minors | § § § § § | |
| PLAINTIFF | § § | |
| VS. | § § | CIVIL ACTION NO. B-99-195 |
| THE CITY OF SANTA ROSA, and OFFICER JACOB L. BORJAS, INDIVIDUALLY and IN HIS OFFICIAL CAPACITY | § § § § | |
| DEFENDANTS | § | **JURY TRIAL DEMANDED** |

United States District Court
Southern District of Texas
FILED

NOV 2 0 2000

Michael N. Milby
Clerk of Court

## JOINT PRE-TRIAL ORDER

1.  **APPEARANCE OF COUNSEL: List each party, its counsel, and counsel's address, and telephone number in separate paragraphs.**

    Plaintiffs:    Flor Estella Briones, Individually and As Representative of the Estate of Jose Cuellar and As Next Friend of Jose D. Cuellar, Jr., and Juanita Cuellar, Minors

    Counsel for Plaintiff:  Carlos Quintana
    LAW OFFICE OF CARLOS QUINTANA
    Neuhaus Tower, Suite 1302
    200 S. 10th Street
    McAllen, TX 78501
    956-687-9729
    956-687-9760

    Defendants:    Jacob L Borjas

    Counsel for Def:    Ricardo Navarro
    Mauro F. Ruiz
    DENTON, McKAMIE & NAVARRO
    222 E. Van Buren, Suite 405
    Harlingen, TX 78550

956-421-4904

956-421-3621

**2.   STATEMENT OF THE CASE:   Give a brief statement of the case, one that the judge could read to the jury panel for an introdution to the facts and parties; include names, dates and places.**

This is a civil rights action brought pursuant to 42 U.S.C. §1983 for violations of constitutional rights secured under the Fourth and Fourteen Amendments in connection with a law enforcement action.

**3.   JURISDICTION:   Briefly specify the jurisdiction of the subject matter and the parties.  If there is an unresolved jurisdictional question, state it.**

The predicate Statutes are 42 USC Sect 1983, and 42 USC Sect. 1988.

**4.   MOTIONS:   List pending motions.**

No pending motions

**5.   CONTENTIONS OF THE PARTIES:   State concisely in separate paragraphs each party's claims.**

A.  Plaintiffs contend that Decedent Jose Cuellar's civil rights were violated by Defendant Jacob Borjas;

B.  Plaintiffs contend that Defendant JacobBorjas, lacked probable cause to make a traffic stop and subsequent arrent of Plaintiff Jose Cuellar on December 10, 1997;

C. Plaintiffs contend that Officer Borjas used unconstitutionally excessive force in effectuating the arrest, all in violation of Jose Cuellar's civil rights.

## DEFENDANTS' CONTENTIONS

A. Defendant Borjas generally denies that he violated Plaintiff's civil rights;

B. Defendant Borjas contends that at all times relevant to this controversy he was acting within the lawful scope of his authority as a certified law enforcement officer under the laws of the State of Texas;

C. Defendant Borjas contends that on the occasion in question he had probable cause to stop, and subsequently arrest Plaintiff Jose Cuellar;

D. Defendant Borjas denies that he used unconstitutionally excessive force to effectuate the arrest;

E. Defendant Borjas asserts his qualified immunity from suit and from liability to the fullest extent allowed by law;

**6. ADMISSIONS OF FACT: List all facts that require no proof.**

There is no dispute to the following facts:

1. That this incident occurred on December 10, 1997;
2. That Plaintiff Jose Cuellar was arrested by Defendant Borjas;
3. That Defendant Borjas at all times relevant to this cause of action was a law enforcement officer for the City of Santa Rosa;
4. That at all times relevant to this cause of action, Jacob Borjas was acting under color of state law.

**7. CONTESTED ISSUES OF FACT: List all material facts in controversy.**

The following material facts are in controversy:

1. Whether Defendant Borjas used unconstitutionally excessive force in Plaintiff Jose Cuellar's arrests;
2. Whether Defendant Borjas violated Plaintiff's civil rights;
3. Whether Defendant Borjas caused Plaintiff's any physical pain and suffering and mental anguish;
4. Whether Defendant Borjas had probable cause to make an initial traffic stop;
5. Whether Defendant Borjas had probable cause to make an arrest;

  6. Whether Plaintiff Jose Cuellar had to be transported to Valley Baptist Medical Center;

  7. Whether Plaintiff Jose Cuellar suffered serious injuries during the arrest;

**8. AGREED PROPOSITION OF LAW: List the legal propositions that are not in dispute.**

  The following legal propositions are not in dispute:

  This controversy is controlled under 42 USC §1983 and the Fourth Amendment to the U. S. Constitution. *Graham v. Connor,* 490 W. S. 386, 393-94 (1989) (Fourth Amendment controls all seizures, including use of force claims;

  Borjas would be entitled to qualified immunity if, as a reasonable police officer, he could have objectively believed his actions to be lawful in light of clearly establised law and the information possessed by him at the time of his action. *Anderson v. Creighton*, 483 U.S. 635 (1987); *Siegert v. Gilley*, --u.s.--, 111 S.Ct. 1789 (1991).

  "The qualified immunity standard 'gives ample room for mistaken judgments' by protectiving ' all but the plainly imcompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S., 224, 112 S.Ct. 534, 537, 116 L. Ed. 2d 589 (1991).

  Negligence, if any, of Jacob Borjas is not a sufficient basis upon which to impose Section 1983 liability. *Daniels v. Williams*, 474 U.S. 327, 331, (1986); *See also Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (negligence does not state a claim for relief).

**9. CONTESTED PROPOSITIONS OF LAW: State briefly the unresolved questions of law, with authorities to support each.**

The following are the unresolved questions of law:

Whether Defendant Borjas is entitled to qualified immunity from suit and from liability from Plaintiff's federally based clais and causes of action;

**10. EXHIBITS:**

  **a. On a form similar to the one provided by the clerk, each party will attach**

two lists of all exhibis expected to be offered and will make the exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those whose use cannot be anticipated;

     b.     A party requiring authentication of an exhibit must notify the offering counsel in writing within five (5) days after the exhibit is listed and made available; failure to object in advance of the trial in writing concedes authenticity;

     c.     Within reason, other objectsoins to admissibility of exhibits must be made at least three business days before trial; the Court will be notified in wrirign of disputes; with copies of the disputed exhibit and authority;

     d.     Parties must mark their exhibits to include the date and case number on each;

     e.     At the trial, the first step will be the offer and receipt in evidence of exhibits.

A. Plaintiff's Exhibit List will be submitted as EXHIBIT "P-1"

B. Defendant's Exhibit List will be submitted as EXHIBIT "D-1"

11.     WITNESSES:

     a.     List the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony. Include the qualifications of expert witnesses; these will be used to qualify the expert at trial;

     b.     Include:

"If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses".

Plaintiff's Witness List will be submitted as EXHIBIT "P-2"

Defendant's Witness List will be submitted as EXHIBIT "D-2"

12.     SETTLEMENT:     State that all settlement efforts have been exhausted, that the

**case cannot be settled and that it will have to be tried.**

    At this juncture all attempts at settlement have been exhausted, and the case will have to be tried.

13.   **TRIAL:**

    a.   **Probable length of trial; and**

    The parties estimate a probable length of trial of 3-5 days to complete this jury trial.

    b.   **Logistical problems, including availability of witnesses, out of state people, bulky exhibits, and demonstrations.**

    Plaintiff is not anticipating any logistical problems as to witnesses, and bulky exhibits.

14.   **ATTACHMENTS:**

**Include these required attachments:**

    a.   **For a jury trial:**

        (1)   **Proposed questions for the voir dire examination.**
        (2)   **Proposed charge, including instructions, definitions, and special interrogatories, with authority.**

A. Plaintiff's proposed Voir Dire questions will be submitted as EXHIBIT "P-3"

B. Defendant's proposed Voir Dire Questions will be submitted as EXHIBIT "D-3"

C. Plaintiff's proposed charge, including instructions, definitions, and special interrogatories, with authority will be submitted as EXHIBIT "P-4"

D. Defendant's proposed charge, including instructions, definitions, and special interrogatories,

## CERTIFICATE OF SERVICE

I the undersigned representative for THE LAW OFFICES OF CARLOS QUINTANA, P.C. hereby certify that a true and correct copy of the foregoing pleading has been forwarded to the following counsel:

Mr. Ricardo Navarro
DENTON, MCKAMIE & NAVARRO
Bank of American Bldg
222 East Van Buren, Suite 405
Harlingen, TX  78550

on this the ___17___ day of ___November___, 2000.

_____
CARLOS QUINTANA

with authority will be submitted as EXHIBIT "D-4"

    **b.**    **For a non-jury trial:**

        (1)    Proposed findings of fact (without repeating uncontested facts) and
        (2)    Conclusions of law, with authority.

Date:_____

_____
UNITED STATES DISTRICT JUDGE

**APPROVED:**

Date: *11-19-00*

_____
CARLOS QUINTANA, Attorney for Plaintiffs

Date: *11-17-00*

_____ *(Ricardo J Navarro w/permission)*
RICARDO NAVARRO, Attorney for Defendants

with authority will be submitted as EXHIBIT "D-4"

    b.    **For a non-jury trial:**

        (1)    **Proposed findings of fact (without repeating uncontested facts) and**
        (2)    **Conclusions of law, with authority.**

Date: _____

        UNITED STATES DISTRICT JUDGE

**APPROVED:**

Date: _____

        CARLOS QUINTANA, Attorney for Plaintiffs

Date: 11/17/2000

        *[signature: Ricardo J. Navarro]*
        RICARDO NAVARRO, Attorney for Defendants