UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 4 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FLOR ESTELLA BRIONES, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE CUELLAR AND AS NEXT FRIEND OF JOSE CUELLAR, JR., AND JUANITA CUELLAR, MINORS | * * * * * * |
| VS | * * |
| THE CITY OF SANTA ROSA, AND OFFICER JACOB L. BORJAS INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY | * * * * |

CAUSE NO. B-99-195

### DEFENDANT JACOB BORJAS' MOTION IN LIMINE

May It Please the Court:

Come now DEFENDANT JACOB BORJAS, Individually, and files this Motion in Limine prior to commencement of the trial in this case. DEFENDANT BORJAS requests that the Court make the following threshold rulings to aid in the orderly presentation of evidence:

I.

That the Court preclude any and all testimony of witnesses tendered by Plaintiff who cannot, as a preliminary matter, demonstrate that they have personal knowledge of the arrest incident in question, as a condition precedent to their further testimony, as required by FRE 602. See FRE 602; see also *Kemp v. Balboa*, 23 F.3d 211, 213 (8th Cir. 1994)(FRE 602 prohibits lay witness from testifying about matter that are not within personal knowledge).

### Court's Ruling

Given (     )          Given as modified (     )          Refused (     )

_____                    _____
U.S. DISTRICT JUDGE                                                    Date

Defendant Borjas' Motion in Limne                                                    Page 1

## II.

That the Court preclude any and all hearsay testimony not otherwise allowable under the Federal Rules of Evidence. FRE 802 specifically provides that hearsay evidence is not admissible except as provided by the rules or other applicable statutory authority. See FRE 802.

### Court's Ruling

Given (    )        Given as modified (    )        Refused (    )

_____                              _____
U.S. DISTRICT JUDGE                                      Date

## III.

In connection with the forgoing limine point, DEFENDANT BORJAS specifically objects to the elicitation of any testimony regarding out-of-court statements made by Plaintiff Cuellar to any testifying witness regarding his conduct and actions on the evening of the shooting incident in question. Any such testimony about Plaintiff Cuellar statements constitutes hearsay that is not admissible under the Federal Rules of Evidence.

### Court's Ruling

Given (    )        Given as modified (    )        Refused (    )

_____                              _____
U.S. DISTRICT JUDGE                                      Date

**IV.**

That the Court preclude any and all questions by counsel on cross-examination of any witnesses, whether adverse or not, designed to convey to the jury the substance of any alleged statements by Plaintiff Cuellar regarding the arrest incident made the basis of this suit. Such questioning would improperly circumvent the restriction on hearsay testimony not otherwise allowable under the Federal Rules of Evidence.

**Court's Ruling**

Given (   )          Given as modified (   )          Refused (   )

_____                    _____
U.S. DISTRICT JUDGE                             Date

**V.**

That the Court preclude the testimony of any person who was not timely identified in response to DEFENDANT BORJAS' discovery requests to Plaintiffs or in the Pretrial Order submitted in this cause.

**Court's Ruling**

Given (   )          Given as modified (   )          Refused (   )

_____                    _____
U.S. DISTRICT JUDGE                             Date

**VI.**

That the Court preclude the substantive **deposition** testimony of any witness who has not been shown to be unavailable to testify as unavailability is defined under the Federal Rules of Evidence. See FRE 804(b) (requiring showing of unavailability as condition precedent to providing deposition testimony)

**Court's Ruling**

Given (   )          Given as modified (   )          Refused (   )

_____                    _____
U.S. DISTRICT JUDGE                             Date

## VII.

That the Court prohibit Plaintiffs' attorney from presenting any evidence of damages and/or emotional injury to Plaintiff Cuellar survivors or representatives. The only proper Plaintiff before the Court is the Estate of Plaintiff Cuellar. Any evidence of emotional injury to his survivors or representatives is not relevant to the factual and legal issues recognized properly at issue in this litigation. A Section 1983 cause of action inures only to the individual who suffered the alleged constitutional violation, not to representatives of a decedent's estate directly.

**Court's Ruling**

Given (    )          Given as modified (    )          Refused (    )

_____                      _____
U.S. DISTRICT JUDGE                                 Date

## VIII.

That the Court preclude any opinion or inference testimony not specifically allowable under Rule 702 of the Federal Rules of Evidence or the evidentiary foundational requirements for such testimony.

**Court's Ruling**

Given (    )          Given as modified (    )          Refused (    )

_____                      _____
U.S. DISTRICT JUDGE                                 Date

## IX.

That the Court preclude the introduction of testimony relating to new claims or causes of action not previously identified in Plaintiffs' live pleadings, in response to DEFENDANT BORJAS' written discovery requests to the Plaintiff, or in the Pretrial Order.

**Court's Ruling**

Given (    )        Given as modified (     )        Refused (     )

_____                              _____
U.S. DISTRICT JUDGE                                       Date

## X.

That the Court preclude any testimony or any other evidence regarding acts of alleged unconstitutional searches and seizures by the DEFENDANT BORJAS or any other law enforcement official without first a showing of relevancy and admissibility by the Plaintiff to DEFENDANT BORJAS.

**Court's Ruling**

Given (    )        Given as modified (     )        Refused (     )

_____                              _____
U.S. DISTRICT JUDGE                                       Date

## XI.

That the Court preclude the introduction of testimony relating actions, incidents, comments by Borjas or any other other law enforcement official, that allegedly occurred subsequent to the events leading up to and including the arrest incident at issue in this litigation.

**Court's Ruling**

Given (    )        Given as modified (     )        Refused (     )

_____                              _____
U.S. DISTRICT JUDGE                                       Date

## CONCLUSION & PRAYER

DEFENDANT BORJAS therefore request that the Court enter the foregoing preliminary rulings to allow for a fair and orderly presentation of the case, to preclude the presentation of incompetent testimony, and to avoid the possibility of a mistrial in this cause. DEFENDANT BORJAS also prays for such other relief in law or in equity to which they may be justly entitled.

SIGNED this 4th day of December, 2000.

Respectfully submitted,

**DENTON, McKAMIE & NAVARRO**
a Professional Corporation
Bank of America Building
222 E. Van Buren, Ste. 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Facsimile)

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774
ATTORNEY FOR CITY DEFENDANTS

r:\cuellar\pto\liminemotion.1st

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been sent by U.S. Mail, postage prepaid, unless otherwise indicated, to the person(s) listed below on this 4th day of December, 2000.

Mr. Carlos Quintana         **By Fax & Regular Mail**
LAW OFFICES OF CARLOS QUINTANA
1302 Neuhaus Tower
McAllen, Texas 78501
COUNSEL FOR PLAINTIFF

*[signature]*
RICARDO J. NAVARRO

r:\cuellar\pto\liminemotion.1st